EWING *v.* WALKER.

Opinion delivered May 4, 1895.

60   503
66   166

1. *Assignment—Appointment of receiver.*

Where the assignee in an assignment for the benefit of creditors declines to act, the interposition of the chancery court may properly be invoked to appoint a receiver, as equity will not suffer an express trust to fail for want of a trustee.

2. *Deed—Delivery.*

The execution of a deed of assignment for the benefit of creditors, and the placing of it upon record, constitute a sufficient delivery to vest the legal title in the assignee and the equitable title in the creditors.

3. *Presumption—Acceptance of deed.*

Where a deed of assignment is executed, and placed upon record, the law will presume that the assignee and creditors have accepted unless the contrary is made to appear.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*Tompkins & Greeson* for appellant.

1. The filing of the deed for record was a sufficient delivery. Delivery is a question of intention. 1 Devlin on Deeds, sec. 262; 16 Pet. 106; 85 Pa. St. 231; 2 Ired. Eq. (N. C.) 360; 25 Wend. 545; 25 Ark. 225; 21 Wall. (U. S.) 185; 28 S. W. Rep. 514. A trust cannot fail for want of a trustee, or by failure of a trustee to accept. A court of chancery will appoint a new trustee. 21 Wall. 185; 10 Rich. Eq. 362.

2. The title vested nominally in the trustee named, and vested fully in the receiver the moment he accepted the appointment and qualified. 1 Perry, Trusts (2 ed.), sec. 38; 5 Paige, N. Y. Ch. p. 46; 1 White & Tudor's Lead. Cas. in Eq. part 1, p. 423, and note; 4 Johns. (N. Y.) Ch. 136; Pomeroy, Eq. Jur. sec. 1009; 39 Am. Dec. 185; 94 Am. Dec. 210.

*Murry & Kinsworthy* for appellees.

There was no such delivery or acceptance. of the deed as is required by law to constitute a valid assignment. Delivery is essential to its validity. 16 Am. Dec. 39, and notes ; 24 Ark. 244 ; 3 Wall. 636 ; Lewin on Trusts (4 ed.), p. 55. There must be an acceptance by the trustee. Tiffany & Bullard, Law of Trusts, etc. p. 282 ; 24 Wend. 280 ; 20 Johns. 184. Delivery to the register for registration is not sufficient unless the register is the agent of the grantee. 5 Wall. 81 ; 10 Mass. 436 ; 6 Am. Dec. 146. Filing a deed for record without the grantee's knowledge is not a good delivery. 12 Am. Dec. 192 ; 105 Mass. 563. Recording a deed without delivery to the grantee does not vest title. 37 Am. Dec. 135 and note ; 104 Mass. 230 ; 3 N. H. 304 ; 14 Am. Dec. 369 ; 11 Pa. St. 352 ; 12 Wis. 253 ; 44 N. H. 267 ; 12 Ill. 136. See also 12 Johns. N. Y. C. L. 418 ; 4 Pick. 518 ; 16 Minn. 172 ; 3 Md. 67 ; 6 W. Va. 110 ; 10 Bush, 424 ; 35 Am. Rep. 169 ; 12 Am. Dec. 196 ; 69 *id.* 412, 557 ; 38 Am. St. Rep. 606 ; 40 *id.* 217 ; 114 N. Y. 307 ; 1 Devlin, Deeds, 290. Acceptance is never presumed, but must be proved in all cases where the grantee is not the beneficiary, or where the deed imposes some duty on the grantee. The attaching creditors had a right to proceed at any time before the acceptance of the deed by the grantee, and the property of the debtor remains subject to execution until the acceptance of the trust by the trustee. Tif. & Bullard, Law of Trust, etc. p. 282 ; 11 Bush, 34 ; 21 Am. Rep. 205 ; 11 B. Mon. 102 ; 58 Ill. 300 ; 53 Am. Rep. 166. The proof in this case is sufficient to show that Walker knew McGill would not act, and that Walker and Key colluded together to avoid the statute of assignments. This was a fraud. 40 Md. 414–424 ; 53 Ark. 88. Equity never interposes to enforce a trust if it be created for the purpose of defeating the law. 53

Ark. 81. In 53 Ark. 88, this court held that the possession of the store key by the assignee before he filed his inventory and bond rendered the assignment void.

WOOD, J. On the 14th day of February, 1890, M. S. Walker, a failing merchant, executed a deed of general assignment for the benefit of creditors, naming therein certain ones whom he preferred. On the same day the assignor filed this deed for record, and notified the assignee, who immediately declined to act. A receiver was appointed upon the application of A. A. Key, one of the preferred creditors. This occurred also on the 14th of February. Three days after, the receiver filed his bond, was sworn in, and took charge of the property. The attachments were not issued until sometime subsequent. The chancellor found that "it was not the intention of the assignor that the assignee should act, but that he should be ignored, and a receiver appointed." The above are substantially the findings of the chancellor, as recited in the decree.

Deeds of assignment, on account of their frequency, and the purposes for which they are made, are among the most important of "express active trusts." 2 Pom. Eq. Jur. sec. 992, note 3. The rights and interests of the beneficiaries under them are not dependent upon the acceptance of the trust by the assignee named in the deed. Of course, there must be an acceptance on the part of the assignee before he can exercise any power, or be subject to any liability. 2 Pom. Eq. Jur. secs. 1007, 1060. But if the beneficial interests of the *cestuis que trust* could be swept away by the mere contingency of the non-acceptance of the trust by the assignee, from any cause, they would rest upon a most insecure foundation. It is not difficult to imagine a case where the assignor might in good faith execute his deed of assignment, and place it upon record, or deliver it to a third

1. As to appointing a receiver of assigned goods.

person to be delivered to the assignee, and the assignee die, become insane, move away, or refuse, and hence not accept the trust *pro forma.* But the trust shall not fail on that account. For it is one of the cardinal rules of equity jurisprudence not to suffer an express trust to fail for the want of a trustee. 2 Pom Eq. Jur. sec. 1007, Tied. Eq. Jur. sec. 313, and authorities cited, 1 Perry on Trusts, sec. 38; *Furman* v. *Fisher,* 94 Am. Dec. 210; *Field* v. *Arrowsmith,* 3 Humph. 446; *Druid Park Heights Co.* v. *Oettinger,* 53 Md. 46; *Adams* v. *Adams,* 21 Wall. 185; *Eyrick* v. *Hetrick,* 13 Pa. St. 488.

This old principle almost dominates the facts of this record. For the court completely eliminated the question of fraud, in attempting to evade the statute of assignments, by excluding the evidence upon this point offered by appellee. And this evidence was properly excluded. 1 Gr. Ev. 163; Sand. & H. Dig. sec. 2977–8.

Upon the failure or refusal of the trustee to accept the trust, the interposition of the chancery court was properly invoked, and properly exercised. See authorities *supra,* and *King* v. *Donnelly,* 5 Paige, Ch. 46, and numerous authorities in note.

2. Delivery of deed of assignment.

The deed of assignment in this case, as found by the chancellor, was good upon its face. The placing it upon record evidenced the purpose of the assignor to deliver the deed and surrender the property described therein for the benefit of creditors. The surrender, so far as we can see, was complete and without reservation. The execution of the deed and placing it upon record vested the naked legal title in the assignee, and the entire equitable ownership in the property passed to the creditors. *Marks's Appeal,* 85 Pa. St. 231; *Miller's Appeal,* 35 Pa. St. 481; *Snider* v. *Lackenour,* 2 Ired. Eq. 360; *Adams* v. *Adams,* 21 Wall. 185. The deed of assignment being for the benefit of the creditors, the law will presume an

acceptance upon their part until the contrary is made to appear ; and, *prima facie*, the trustee is also presumed to have accepted. 2 Pom. Eq. sec. 1007 *sup.*; Tied. Eq. Jur. sec. 314; *Wilt* v. *Franklin*, 1 Binn. 502; *Martin* v. *Ammon*, 59 Ark. 191; see, also, *Breathwit* v. *Bank of Fordyce*, *ante*, p. 26.

But it appears that, upon the refusal of the assignee to accept, a receiver was applied for and appointed. True, the party named as assignee was the clerk of the assignor, and had the key to the store from the day the assignment was executed until the receiver took charge of the property, but the possession of this key was not in pursuance of any contemporaneous parol agreement to that effect, and it is shown positively, and not contradicted, that he did not have possession of the property after the assignment, and when the receiver gave bond and took possession the key was turned over to him.

3. Presumption as to acceptance of assignment.

As the attachments were not issued until long after the receiver took possession of the property, appellees are in no position to complain of the want of acceptance upon the part of appellant at the time of the execution and filing of the deed for record ; for, even if it could be said that there was no acceptance then, the action of the appellant in applying for a receiver, and having the property placed *in custodia legis*, under the assignment, was an affirmative acceptance by him before any rights accrued to the appellees under their attachments, and this was an insuperable barrier to their recovery against appellant, unless they could have avoided the deed of assignment for fraud. We find no evidence in this record to support the chancellor's finding in that regard.

Reversed, with directions to enter a decree for the preferred creditors who accepted the assignment.