66   161
j 83   186

MOORE *v*. GOODBAR.

Opinion delivered February 4, 1899.

1. DEED OF ASSIGNMENT—FILING.—Under the act of 1895 regulating assignments for the benefit of creditors (Acts 1895, p. 162), a deed of assignment is not void because it was not filed. (Page 165.)

2. PROPERTY ASSIGNED—POSSESSION BY ASSIGNEE.—Where, at the time a deed of assignment was executed, the property assigned was in possession of the sheriff under execution, and the sheriff, by consent of the execution plaintiff, put the assignee in possession as the sheriff's agent,

under agreement that the sheriff should not be responsible for any loss, and the assignee thereupon took an inventory, and preserved the property until disposed of under the court's direction, the assignee should be considered as holding under the deed of assignment.   (Page 165.)

3. FAILURE TO FILE BOND—EFFECT.—The failure of an assignee to file his bond within ten days after the deed of assignment was executed, as required by Acts 1895, p. 163, does not invalidate the assignment. (Page 166.)

4. ASSIGNMENT—RESERVATION OF SURPLUS.—An assignment which directs payment to creditors named,·without expressly providing what shall be done with the residue, is not void as impliedly containing a reservation in favor of the assignor to the exclusion of creditors not named, especially if it does not appear that there are creditors not named in the assignment.   (Page 166.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

STATEMENT BY THE COURT.

This is a bill to set aside and annul an assignment made by G. W. Cartwright, a merchant doing business at the town of Earle in Crittenden county, to P. H. Thompson, as assignee, for the benefit of his creditors, preferring certain of them, and conveying to said assignee, for that purpose, all his mercantile goods at said place, with directions as to their disposal and the appropriation of the proceeds.   Decree for the plaintiffs, and the defendants appealed.

The agreed statement of facts is as follows, to-wit:   "(1) That on November 30, 1895, G. W. Cartwright made, signed and delivered to P. H. Thompson, as assignee, an instrument of writing, purporting to be an assignment of all his stock of goods at Earle, Arkansas, which instrument is of record in this case. (2)   That, at the time said goods were assigned, the sheriff of Crittenden county had levied an execution upon the whole of said stock in favor of W. N. Brown, Jr., for a debt amounting to about $225.   (3)   That, after the said instrument was signed and delivered to Thompson by Cartwright, the sheriff turned over the stock of goods to the said Thompson as his care-taker; W. N. Brown, Jr., agreeing to this by his counsel, and releasing the sheriff from any liability for loss of goods occasioned while same were in possession of said Thompson.

(4) That said Thompson at once took an inventory of said goods, and that said inventory correctly represents the goods received by said Thompsom from G. W. Cartwright. (5) That on December 9, 1895, the said Thompson, in the office of the clerk of this court, at Marion, Ark., presented his bond as assignee, signed by W. N. Brown, Jr., as surety, and that at the time J. L. Holloway, the then clerk, objected to the bond on the ground that, in his opinion, W. N. Brown, Jr., was not good for the penalty thereon; that said J. L. Holloway, clerk, at the time stated to the attorney for P. H. Thompson, assignee, that if he procured one Sam Davis, of Vincent, Arkansas, to become surety upon said bond, he (the clerk) would then accept the same. (6) That thereupon the counsel for said P. H. Thompson stated to J. L. Holloway that he would at once go to Vincent, and procure the signature of said Davis to said bond, and would return the same to him by mail, which was agreed upon by said Holloway. (7) That R. G. Brown, attorney for P. H. Thompson, did, upon the 9th day of December, 1895, procure the said Davis' signature to said bond as security, and that he mailed the same to said J. L. Holloway from Memphis, Tenn., upon the afternoon of December 9, 1895. (8) That said bond was not received by the clerk of this court until December 12, 1895. (9) That, at the time the bond was tendered to the clerk, the inventory prepared by P. H. Thompson was left with the clerk of this court, bearing the indorsement, "To be filed, but not to be recorded," and the said note [indorsement] upon said inventory was not signed by either the said Thompson or any one for him. (10) That all the debts set out in the assignment executed by G. W. Cartwright were valid debts, and were due and payable at the time said assignment was executed. (11) That all of the debts claimed by plaintiffs in this action are valid debts, and were due and payable at the time the complaint in this cause was filed. It is agreed that the court may take these facts as though they were fully set up by formal proof and evidence."

The plaintiffs charged in their bill that the assignment was fraudulent and void on the following grounds, to-wit: "(1) The deed of assignment was not filed at any time. (2) The defendant, P. H. Thompson, purporting to be the assignee, never did and could not take possession of the property pretended to

be conveyed, the same having been levied on by the sheriff, and being, at the time of the assignment was executed, in the possession of the sheriff. (3) That the assignee failed to file the bond required by law in the time prescribed by the statute. (4) That no bond was filed or approved by the clerk of the circuit court, and the pretended bond is not *scheduled* [?] as the law directs, and is insufficient security for the amount of its penalty. (5) That the assignment is not for the benefit of all his creditors, and reserves to the assignor the residue or remainder after payment of debts named in the deed."

By consent the following order was entered by the chancellor in vacation: "In this cause, for reasons appearing satisfactory to the judge upon the affidavit of P. H. Thompson, assignee, and R. G. Brown and O. C. Armstrong, a member of the firm of W. R. Moore & Co., and by the consent of all the parties plaintiff herein, it is ordered by the judge in vacation: (1) That P. H. Thompson, as assignee, do make advertisement of sale in the "Marion Reform" for two weeks, of the goods assigned to him by G. W. Cartwright on the 30th day of November, 1895, and that he (the said Thompson) do make sale of said goods in bulk, for cash or otherwise, as may seem to the best interest of all parties, to the highest bidder on the day set out in the advertisement or notice of sale. (2) That out of the proceeds of such sale the said Thompson shall pay the costs of said advertisement and sale, and the judgment in favor of Brown, Smith & Co. (represented by W. N. Brown, Jr., one of that firm) v. G. N. Cartwright, with all costs that have accrued thereon. (3) The balance of the fund the said Thompson will retain in his hands subject to the further orders of this court. (4) The injunction granted him upon the 16th day of December, 1895, is held by the court to have been imprudently granted, and the same is hereby dissolved at the cost of the plaintiffs. All of which is ordered, adjudged and decreed at chambers, in vacation."

The injunction referred to seems to have been an order, made at the instance of the plaintiffs, restraining the sheriff from selling the goods under the Brown execution, and also re-

quiring Thompson to make a good and sufficient bond as assignee in the penal sum of $5,000, and to hold himself, as receiver, subject to the orders of the court.

The following is the decree of the court at the final hearing, viz: "And thereupon the court, having fully considered all matters, is of opinion that the failure of P. H. Thompson, assignee, to file his bond as assignee within ten days after the execution of the assignment vitiated said assignment, and rendered the same void. It is therefore ordered and adjudged by the court that the said assignment be taken and held to be a general assignment for the benefit of all of the creditors of said G. W. Cartwright, and the assignee will distribute the amount remaining in his hands *pro rata* among all of the creditors of G. W. Cartwright."

The report of the assignee, except as to certain expenditures made by him, was approved and confirmed, and he appealed specially from the disallowance.

*R. G. Brown*, for appellants.

In an assignment the taking possession by the assignee, filing inventory and giving bond are all conditions subsequent, and cannot affect the vesting of the title under the deed, or the rights of creditors secured thereby. 54 Ark. 124; 4 Ark. 302; 36 Ark. 406; 37 Ark. 54; 71 N. Y. 506; 88 Pa. St. 167; Burrill, Assignments, § 351 *et seq.;* 68 Wis. 442. The assignment should have been held good. 54 Ark. 124; 58 Ark. 573; 47 Ark. 347; 52 Ark. 30.

BUNN, C. J., (after stating the facts.)   The first objection made to the deed of assignment, to the effect that it was never filed, may be answered by reference to the statute (Acts of 1895, page 162), which does not require the deed to be filed.

The second, to the effect that the assignee did not take, and could not have taken, possession of the property upon the execution and delivery of the deed of assignment, is answered by the real facts in the case.   At the time of the execution of the assignment the property was in possession of the sheriff by virtue of the levy of an execution in his hands, in favor of W. N. Brown, Jr. for Brown, Smith & Co.; but the sheriff, by consent of the plaintiff in execution, put the assignee in

possession as his (the sheriff's) agent, Brown agreeing not to hold the sheriff responsible for any loss occasioned thereby, and, being in possession in this way, the assignee took the inventory required by statue, and cared for and preserved the property until the same was disposed of by him under directions of the chancellor, as recited in the statement of facts.

The third ground, to the effect that the assignee failed to file his bond, as required by statute, within ten days from the execution of the assignment, if true as a matter of fact (which fact we need not here discuss), did not invalidate the assignment. In *Lowenstein* v. *Finney*, 54 Ark. 124, this court said: "When the deed of assignment was signed, acknowledged and delivered by Finney to Little, the title vested in Little, and the statutory requirement that Little should file a bond and inventory before he could control the property was a condition subsequent, which could have nothing to do with the vesting of the title under the deed. They were requirements with which Finney had nothing to do. The consent or objection of Finney could in no wise affect the title thus vested." To the same effect are *Ex parte Conway*, 4 Ark. 302; *Clayton* v. *Johnson*, 36 Ark. 406; *Thatcher* v. *Franklin*, 37 Ark. 54.

It is, indeed, well settled that nothing that either the assignor or the assignee could do or fail to do, after the execution of the assignment and the delivery thereof, can effect the validity of the assignment, for rights of others have then become vested. Besides, should an assignee in any case fail to qualify or neglect or refuse to perform his duty under the assignment, the court, under the familiar rule, would appoint another to act in his place, and administer under the assignment. *Ewing* v. *Walker*, 60 Ark. 503; *Ex parte Conway*, 4 Ark. 302.

Nothing need be said as to the fourth objection to the deed of assignment, more than has been said as to the third objection, if, indeed, it is not untenable for other reasons.

The fifth objection is to the effect that the assignment is not for the benefit of all the assignor's creditors, and that it reserves to the grantor the residue of the property, or its proceeds, after payment of creditors mentioned therein. There is no reservation of the residue to the grantor to be found in the language of the deed before us. The deed directs

that the judgment and execution of Brown, Smith & Co. be first satisfied; then payment be made to the defendants herein by name, and then to plaintiffs and others named in the deed; and, inferentially, any surplus remaining would go to any other creditors not named, by omission or otherwise, or as the law directs. The facts in this case show that there were no other creditors than those named in the deed, and one of the strongest evidences of this fact is that the plaintiffs herein, who are among the creditors named, are suing because the proceeds of the property was not sufficient to satisfy these claims, if appropriated under the assignment.

We do not see that any of the objections to the assignment are valid, and the decree declaring the same fraudulent and void is reversed, and the cause is remanded, with directions to execute the assignment by a proper distribution of the fund thereunder, and further to make the allowance to the assignee of the amount of expenditure claimed by him and disallowed as if the same had been expended under a valid assignment, the court here assuming that the disallowance followed the decree annulling the assignment, and for that reason only.