## H. B. CLAFLIN CO. v. MIDDLESEX BANKING CO. et al.

(Circuit Court, E. D. Arkansas, Western Division. February 19, 1902.)

### No. 1,354.

1. **ASSIGNMENT FOR BENEFIT OF CREDITORS—FAILURE OF ASSIGNEE TO QUALIFY —RIGHTS OF CREDITORS.**

Where a trust has been created by an assignment for the benefit of creditors, a court of equity will not permit it to fail because the assignee fails to qualify as required by the laws of the state, but will either appoint a new trustee, or permit the beneficiaries to maintain a bill to execute the trust.

2. **MORTGAGES—RIGHT OF REDEMPTION FROM INVALID SALE.**

A suit to redeem real estate from a sale under a mortgage alleged to have been voidable for irregularities, and to constitute the purchaser and his grantees merely mortgagees in possession, may be maintained on general equitable principles, regardless of statute, by the mortgagor or any one who has succeeded to his rights in the land.

3. **ADVERSE POSSESSION—GRANTEE UNDER FORECLOSURE SALE—IRREGULARITY OF PROCEEDINGS.**

A deed to land executed on a foreclosure sale, which is regular and valid on its face, and purports to convey the entire title of the mortgagor, although it may be in fact voidable, constitutes color of title, and is notice to all persons that the grantee taking possession thereunder claims the absolute title adversely to the mortgagor; and, under the statutes of Arkansas, a continuance of such possession for seven years confers upon him or his grantees an absolute title, and bars an action to redeem from the mortgage.

4. **LIMITATION—DEFENSES—FORMER SUIT.**

A plaintiff in a suit to redeem from a mortgage is not aided, as against the bar of limitation, by the fact that a prior suit to redeem, which was dismissed, was brought within the time limited, by a different party as plaintiff, although based on the same grounds.

In Equity. On demurrer to bill.

The material allegations of the bill are that on July 28, 1890, Joe Davies and wife conveyed the lands in controversy to Harold Smith as trustee to secure the payment of a large sum of money loaned to them on that date by the defendant the Middlesex Banking Company. This trust deed was in the nature of a mortgage, with the usual powers of sale to the trustee in case of a default in the payment of the debt, and also with power to the cestui que trust to substitute a trustee in place of Harold Smith if he declined or is unable to act; that on August 7, 1894, the defendant Lee J. Lockwood was duly substituted as such trustee, and on November 21, 1894, he made a sale of the mortgaged premises, under the powers of the trust deed, and the defendant banking company became the purchaser at said sale, and received a deed for the lands from the trustee on November 27, 1894, and took immediate possession of the premises under said deed. This sale is attacked as being void for matters de hors the deed, for the reason, as charged in the bill, that the trustee had failed to give notice of the sale as required by the terms of the deed, and also a failure to have the property appraised before the sale, as required by the laws of Arkansas, although the deed from the trustee to the banking company is good on its face, and shows a strict compliance with all the requirements of the mortgage and the laws of the state. It is further charged that on January 10, 1896, the banking company sold and conveyed these lands by proper deed of conveyance to its codefendant the Southern Planting Company, and on July 13, 1897, the planting company sold and conveyed them to Walter Davies, who is now in possession, all of whom had full notice of the defects of the sale. The bill was filed and process issued on December 6, 1901. The complainant brings this suit as a creditor of the Sterling & Smith Com-

pany, for himself and all other creditors of that corporation who are willing to join in the action for the purpose of having the deeds to the banking company and its grantees set aside, and to redeem from them as second mortgagee, claiming the right to do so by reason of the following facts: That on February 14, 1891. Joe Davies executed a mortgage to the Sterling & Smith Company to secure the payment of a debt due from him, subject to the above-described mortgage to the banking company; that at the April term, 1894, in an action instituted by the Sterling & Smith Company for the purpose of foreclosing its mortgage, the chancery court of Chicot county, state of Arkansas, rendered a decree of foreclosure, and ordered the lands to be sold, but neither the banking company nor the trustee in its mortgage were made parties to that suit. On March 18, 1895, the commissioner of the chancery court sold the lands under the decree of the court, and the Sterling & Smith Company became the purchaser of them, subject to the banking company's mortgage; the commissioner made a deed of conveyance to the Sterling & Smith Company, which is filed as an exhibit to the bill, and made a part thereof, which deed was duly approved and confirmed by the court which had, by its decree, authorized him to make the sale; that on August 14, 1899, the Sterling & Smith Company, being insolvent, conveyed these lands by deed to Perry Nugent, "In trust, however. for the benefit of the creditors of the Sterling & Smith Company, with power to lease, mortgage, and sell and to devote the net proceeds to the payment of the debts of the Sterling & Smith Company." Nugent, the trustee, filed the deed for record, but never qualified as assignee in insolvency, as required by the laws of the state of Arkansas. It is further charged that Nugent, as such trustee or assignee, in April, 1900, filed a bill in the chancery court of Chicot county against these same defendants, asking that the sales be set aside for the same reason alleged in this bill, and he be permitted to redeem; that this cause was, upon proper proceedings, removed to this court; that Nugent has since died, and that said suit abated. not having been revived. The prayer of the bill is that an account be taken of what, if anything, is due to defendants for principal and interest under the first mortgage, and also an account of the rents and profits received by the defendants, and, if anything appears to be still due on the mortgage, that the complainant is ready and willing to pay it, and that the conveyances under which defendants claim be canceled and set aside. To this bill defendants demurred. upon two grounds—First, that there is no equity in the bill; and. second, that complainant has been guilty of such laches that a court of equity should grant no relief.

P. C. Dooley, for complainant.

R. E. Craig, for defendant Walter Davies.

H. R. Boyd, for other defendants.

TRIEBER, District Judge (after stating the facts). The failure of Nugent to qualify as assignee, as prescribed by the laws of the state of Arkansas, prevents him from maintaining an action at law for the possession of the assigned estate. Bartlett v. Teah (C. C.) 1 Fed. 768; Teah v. Roth, 39 Ark. 66; State v. Dupuy, 52 Ark. 48, 11 S. W. 964. Yet a trust having been established by the conveyance to him, a court of equity will not let it fail, and will either appoint a new trustee, or permit the beneficiaries, the creditors of the assignor, the Sterling & Smith Company (one of whom the complainant is), to maintain a bill to execute the trust. Pom. Eq. Jur. § 1007; Story, Eq. Jur. §§ 1060, 1061; Batesville Inst. v. Kaufman, 18 Wall. 151, 21 L. Ed. 775; Adams v. Adams, 21 Wall. 185, 192, 25 L. Ed. 504; King v. Donnelly, 5 Paige, Ch. 46; Clayton v. Johnson, 36 Ark. 406, 38 Am. Rep. 40; Ewing v. Walker, 60 Ark. 503, 31 S. W. 45; Memphis Sav. Bank v. Houchens (C. C. A.) 115 Fed. 96. In Clay-

ton v. Johnson, 36 Ark. 406, 38 Am. Rep. 40, the court say: "If he [the assignee] fail to comply with the requirements of the statute, the remedy by application to chancery on the part of the creditors is simple." 36 Ark. 422, 38 Am. Rep. 40.

Nor can the contention of counsel for defendants that the original mortgagor, Joe Davies, is the only person who can maintain an action to redeem, be sustained. The right to redeem in this action is not claimed under a statute, but is purely an equitable action to redeem from one who it is claimed is in possession as a mortgagee. Such a right to redeem may be exercised by assignees or grantees of the mortgagor as fully as by the mortgagor, and upon the same terms and conditions, neither greater nor less. Moore v. Anders, 14 Ark. 635, 60 Am. Dec. 551; Jones v. Matkin, 118 Ala. 341, 24 South. 242; Nesbit v. Hanway, 87 Ind. 400; Moody v. Funk, 82 Iowa, 1, 47 N. W. 1008, 31 Am. St. Rep. 455; Brown v. Bank, 148 Mass. 300, 19 N. E. 382; Shouler v. Bonander, 80 Mich. 531, 45 N. W. 487; Brewer v. Hyndman, 18 N. H. 9. The first ground of demurrer is therefore overruled.

The second ground of demurrer pleads laches. Learned counsel for the complainant, in his elaborate and able brief, concedes that a delay of seven years, which is the period of limitation in the state of Arkansas for the recovery of real estate, bars this action, but he ingeniously argues that as according to the allegations in the bill, which the demurrer admits to be true, the deed of the trustee to the banking company is void, its possession under the deed is that of a mortgagee, and not adverse to the mortgagor and those under whom complainant claims. The possession of the banking company, and afterwards its vendees, was under a deed valid on its face, and clearly adverse to the original mortgagor and all parties claiming under him or by any other title. Even if it should, on final hearing, be held that the trustee's deed is void, and that the recitals of strict compliance with the terms of the mortgage and the laws of the state of Arkansas are false, and that the defendants are, for this reason, chargeable as mortgagees in possession, the fact that the defendants have been in open, notorious, and continuous possession, not as mortgagees, but under claim of absolute ownership, under an absolute deed of conveyance, and adversely to all the world, for more than seven years, confers upon them an absolute title against all persons sui juris. Under the laws of Arkansas, as construed by its supreme court, a title by limitation is not only good as a valid defense, but amounts to an investiture of title which may be actively asserted in all respects as effectively as if acquired by deed. Jacks v. Chaffin, 34 Ark. 534; Logan v. Jelks, Id. 547; Wilson v. Spring, 38 Ark. 181; Crease v. Lawrence, 48 Ark. 312, 3 S. W. 196.

In Logan v. Jelks, 34 Ark. 549, the court, speaking through Mr. Justice Eakin, say:

"Conceding the patent from the United States to have been void, it may be, nevertheless, used to give color of title and fix the limits of possession, and a continuous adverse possession under it, or without any color at all, when the limits of possession may be shown for a period of over seven years as against parties whose rights are not saved, will create a title which may be used to maintain an action of ejectment."

As complainant claims its rights under the mortgage of Joe Davies to the Sterling & Smith Company, the statute of limitations, when set in operation against Davies, continued as to his grantees and heirs. Clarke v. Boorman, 18 Wall. 493, 21 L. Ed. 904; Pearsall v. Smith, 149 U. S. 233, 13 Sup. Ct. 833, 37 L. Ed. 713.

The possession of the banking company, taken on the 27th of November, 1894, was adverse to the mortgagor, his grantees, and every one else. Had the banking company or its trustee taken possession of the premises as mortgagees, without the foreclosure proceeding, then the result would be different, and their possession would not have been adverse. Jones, Mortg. § 703. But when there was a foreclosure, although that foreclosure was voidable, and possession was taken under the trustee's deed, this was notice to everybody that the possession was under claim of absolute ownership, and not as a mortgagee, and such a repudiation of the trust as sets the statute of limitations in operation. The following language, used in Clarke v. Boorman, 18 Wall. 493, 21 L. Ed. 904, is applicable to this case:

"It may be conceded that, so long as a trustee continues to exercise his powers as trustee to property, he can be called to account in regard to that trust. * * * But when he has closed up his relation to the trust, and no longer claims or exercises any authority under the trust, the principles which lie at the foundation of all statutes of limitation assert themselves in his favor, and time begins to cover his past transactions with her mantle of repose." 18 Wall. 509, 21 L. Ed. 904.

In Hindman v. O'Connor, 54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490, it was held that, although the purchase by the defendant of the property of her ward at a curator's sale was void and constituted her a trustee, the statute of limitations protected her, and that it was set in motion on the day the sale was confirmed by the probate court. 54 Ark. 642, 16 S. W. 1052, 13 L. R. A. 490. See, also, McGaughey v. Brown, 46 Ark. 35; Lammer v. Stoddard, 103 N. Y. 673, 9 N. E. 328; Stewart v. Welch, 41 Ohio St. 500; Bland v. Fleeman, 58 Ark. 84, 23 S. W. 4.

Stout v. Rigney, 46 C. C. A. 459, 107 Fed. 545, decided by the circuit court of appeals for the Eighth circuit, is directly in point and conclusive of this cause. As the authorities are carefully reviewed by Judge Thayer in his opinion in that case, it is unnecessary to cite them in this opinion. The learned judge in his opinion says:

"The testimony in the case shows that the trustee's deed, which purported to convey the title in fee to Hamilton De Graw, was duly recorded in Carroll county, Mo., on the day it was executed, to wit, on December 7, 1875, when it became constructive notice to all the world of its contents; that De Graw took possession of the property under said deed on January 1, 1876; that he subsequently conveyed the land as his own to other parties; and that the title, after various transfers, became vested eventually in the defendant Stout. The proof also shows open and notorious possession of the property by De Graw and those claiming under him from January 1, 1876, until the present action was instituted, and that in the meantime there had been no assertion by the complainant of her right to redeem, or any recognition of that right by any of the successive occupants of the land. In view of these facts, we entertain no doubt that De Graw and each of his successors in interest entered into possession of the land claiming to be the absolute owners thereof. The dominion which they respectively exercised over the property is consistent with that view, and

wholly inconsistent with the theory that they assumed possession of the property merely as mortgagees to protect a lien which they had acquired. Nor do we believe it to have been essential to render their possession adverse that they should have notified the complainant that they were holding the land adversely, and would dispute her right to redeem, inasmuch as the entry was made under a deed which purported to convey an absolute title, and which also professed to foreclose her right to redeem." 46 C. C. A. 463, 107 Fed. 549.

The fact that Perry Nugent, the assignee, had instituted a similar suit to redeem for the benefit of the creditors of the Sterling & Smith Company before the seven years had expired, does not aid complainant, and does not bring it within the rule laid down by the supreme court of Arkansas in Bank v. Magness, 11 Ark. 344, and Railway Co. v. Manees, 49 Ark. 248, 4 S. W. 778, 4 Am. St. Rep. 45, and followed in Alexander v. Gordon, 41 C. C. A. 228, 101 Fed. 91.

This is a different action by a different party as complainant, and comes within the rule laid down by the supreme court in Railroad Co. v. Wyler, 158 U. S. 292, 15 Sup. Ct. 877, 39 L. Ed. 983. Whether this action can be maintained without making the representative or heirs of Perry Nugent parties has not been raised by the defendants, and, as the demurrer to the bill on the second ground must be sustained, it is unnecessary to determine that question.

The demurrer to the bill is sustained on the second ground, and overruled on the first.