Inés Parrilla, Plaintiff and Appellant, v. Loíza Sugar Co.,
Defendant and Appellee.

No. 6697. Argued December 15, 1936.—Decided November 4, 1937.

*Carlos D. Vázquez* for appellant. *Jaime Sifre, Jr., Horacio Franceschi* and *Antonio J. Matta* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

It was on February 28, 1933, that Inés Parrilla filed her original complaint in the case before us. She alleged therein that it was the custom of the employees of the defendant Company and their families, with the consent, knowledge and good will of the Company, to travel on a freight train of the company between certain defined limits; that on December 26, 1922, she and her legitimate minor child, Carmelo Villarán, were traveling thereon by express invitation from the defendant's employees; that on that date, and through the negligence of the defendant's employees who conducted the train, the car in which the plaintiff and her child were riding left the track and turned over, causing thereby such injury to the child that he died thereof; that the plaintiff suffered damages in the sum of $10,000; that her husband Celestino Villarán, had brought a suit, for this same cause of action, on December 13, 1923, which suit was dismissed on a motion for nonsuit and later appealed to this Supreme Court; that the judgment of dismissal was finally affirmed on May 31, 1932; that her husband died on October 17, 1932, and that is why she is now bringing the suit instead of him.

On a motion to that effect the court ordered the averment with regard to the custom of the employees and their families of traveling on the train of defendant with the latter's consent, knowledge and good will, to be stricken out.

On May 29, 1933, an amended complaint was filed which was practically identical with the original except that it omitted the matter stricken. Another motion to strike was in-

234

terposed, wherein some of the objections presented to the original complaint and which had been denied, were repeated. In addition thereto, the defendant requested among other things that the averments concerning the original action brought by the husband in 1923 and with regard to his death be eliminated. The motion was granted in its entirety.

Finally, on November 3, 1933, the plaintiff filed a second amended complaint in which she took exception to the decision on the motion to strike from the first amended complaint, and then proceeded to set forth facts which on their face were subject to the defense of prescription. This defense was duly raised and the lower court dismissed the complaint.

■ The appellee again raises in its brief the jurisdictional question which was decided against it by this court on Feb. 20, 1936. We then refused to dismiss the appeal for failure of appellant to affix a five-dollar stamp to his notice of appeal on the ground that litigants *in forma pauperis* were exempt from such expense, thereby following our decision in the case of *Rosado* v. *American Railroad Co.*, 37 P.R.R. 581. We have nothing to add to our previous opinion in this same case.

■ The first of the errors assigned concerns the disposition of the motion to strike from the original complaint. The appellant argues that the elimination of the third paragraph of her complaint was not proper. The averment in question stated that it was a custom, at the time of the accident, for the employees of the defendant and their families, to travel on the defendant's train with the latter's consent and approval. Considering the whole of the complaint we find that the plaintiff relies more or less on an invitation from defendant's employees for her cause of action. Under these circumstances we are inclined to believe that the alleged custom was material to show that the employees were impliedly authorized to invite their families or those of their fellow-employees to travel on the train and that the lower court should not have stricken it.

■ The second and third errors complain of the lower court's entertainment of that part of the motion to strike from the amended complaint which repeated objections denied under the first motion and to that part which raised objections that could have been raised under the first motion but were not. As to both questions we think the law and the practice are in favor of the correctness of the lower court's action. It was discretional with the trial court to entertain the motion in full, especially in the absence of a timely objection from the plaintiff.

■ The disposition of the fourth error involves a most important question of statutory interpretation. The trial court had stricken the following paragraphs from the amended complaint:

"8. The plaintiff alleges that under number 251 of the civil cases before the District Court of San Juan, second district, Celestino Villarán, the legitimate father of the deceased minor, Carmelo Villarán, began this suit against the present defendant on the 13th of December, 1923, for the same cause of action now being exercised, said case having been decided by virtud of a motion for nonsuit and not on its merits and against the pretentions of the plaintiff therein, the judgment of dismissal having been affirmed by the Supreme Court of Puerto Rico on appeal on the 31st of May, 1932, such judgment being at present final.

"9. The plaintiff alleges that Celestino Villarán died on the 17th of October, 1932, that being the reason why said plaintiff has brought this suit in his stead."

The court eliminated the above paragraphs for the reasons alleged in the motion itself. These were:

"8. The eighth and ninth paragraphs of the amended complaint should be entirely stricken for irrelevancy and immateriality since under Section 60 of the Code of Civil Procedure, as amended by Act No. 77 of July 20, 1921, the father or the mother, individually or jointly, may bring an action for damages because of the death of a minor child caused by the fault and negligence of a third person; that the plaintiff was not a party to the suit brought by Celestino Villarán (1 Southern Court of Pleading & Practice & Forms, par. 8; *Pierce* v. *Conners*, 46 Am. St. Rep. 279; *Chafin* v. *Middlesex*

*Banking Co.,* 113 Fed. 958); that the above paragraphs are irrelevant because they have been introduced for the purpose of defeating the defense of prescription and that according to the decisions hereinabove cited and that of 37 Corpus Juris, page 1092, par. 554, prescription is a good defense because the parties to the first and second suits were not identical; that for those reason the averments contained in paragraphs 8 and 9 are irrelevant and should be stricken.''

If under Section 60 of the Code of Civil Procedure (1933 ed.) a wife is given an action in damages for the death of her minor child independently of the action given to the husband and vice versa, then the institution of an action by one of the spouses would not prevent or suspend the running of the Statute of Limitations with regard to the other's cause of action. Under those circumstances the trial court would have acted correctly in striking the paragraphs recited above. If, however, the cited section gives only one cause of action, though either spouse or both together may institute the actual proceeding, then the present suit would not have prescribed.

Section 60, supra, reads as follows:

''A legitimate or legitimized natural father, who has not abandoned his family, and the legitimate or natural mother, may individually or jointly institute an action for the injury or death of a minor child; and a guardian for the injury or death of a minor or ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be instituted against the person causing the injury or death, or if such person be meployed by another person who is responsible for his conduct, also against such other person; *Provided,* That the legitimate or natural mother shall always be a participant in the action in proportion equal to that of the legitimate or legitimized natural father; *And provided further,* That nothing hereinbefore provided shall be construed as a violation of the rights of inheritance established by the Civil Code and of the actions originating therefrom.''

The original suit in this case was brought in 1923, dismissed on a motion for nonsuit and such dismissal affirmed by

this court on May 31, 1932. If the original plaintiff, the husband of the present appellant, had lived, he would have had until May 31, 1933, to file a new action. See *De Jesús* v. *De Jesús*, 37 P.R.R. 143, and *Sucn. Gorbea* v. *Portilla*, 46 P.R.R. 279. But Celestino Villarán died in October 1932, and his widow, Inés Parilla, filed this suit in February, 1933.

The question before this court is not an easy one, for the words of the statute are not absolutely clear. However, they should be given the meaning which, without doing violence to the letter of the law, more closely conforms to the probable intention of the legislature as may be deduced from the codes of Puerto Rico and the general legal principles which it must have considered when it framed the statute. By this we mean, that an analysis must be made of the nature of the cause of action which arises from the death of a minor child. Nowhere in the Civil Code is this action or situation specifically mentioned. As far as we have been able to find out only Section 60 itself throws any light upon the subject.

In our opinion, if there is anything during the existence of wedlock, in which both the father and mother have an equal interest, it is their offspring. As head of the community, the father is endowed by law with certain privileges of administration. As head of the family, he is likewise invested with certain prerogatives over his minor children. This court has repeatedly held that the cause of action arising from injury to the wife belongs to the community and should be instituted by the husband. We have even gone so far as to deny the wife any standing in court. *Vázquez* v. *Valdés*, 28 P.R.R. 431; *Vázquez* v. *P. R. Railway Light & Power Co.*, 35 P.R.R. 59; *Irizarry* v. *Díaz*, 35 P.R.R. 132; *Dávila* v. *P. R. Railway Light & Power Co.*, 44 P.R.R. 923.

More recently, in the case of *Flit* v. *White Star Bus Line*, 49 P.R.R. 139, we indulged in a reasoning similar to that suggested by the present appellant in her brief. In arriving at the conclusion that the cause of action and damages

resulting from injury to the wife belonged to the community, we said:

"Under our Civil Code it is true that Section 1301 does not distinctly say that compensation accruing by reason of injuries to the husband or wife shall be considered community property. If Section 1299 be examined one may readily see that the property or chose in action under discussion is not defined as separate. If one should attempt to apply the maxim *expressio unius est exclusio alterius* one would encounter that the compensation here sought to be recovered is excluded from both definitions, in other words, that there is no distinct provision in the Civil Code which relegates the compensation in question either to the matrimonial society or to the individual himself. It would be a matter of *casus omissus*.

"Under these circumstances we think resort may be had to Section 1307 which creates a presumption in favor of the community. We are quite agreed with the appellant that this is a presumption that ordinarily may be rebutted by proof of the contrary. We feel bound to hold, however, that as there is no provision of law distinctly giving this property to either entity, one who would attempt to overcome the presumption would encounter an unsurmountable obstacle. It cannot be disproved. Therefore, we incline strongly to the view that what is ordinarily a rebuttable presumption becomes in this case a conclusive one."

Without yet considering the possible effect of Section 60, supra, we are inclined to believe that the above reasoning is equally applicable to the case before us. The damages which may be recovered for the death of a minor child by the father and mother must be measured by the pecuniary loss to them by virtue of his death. It is more consistent with the general principles of the conjugal society to interpret Section 60 as enabling either the father or the mother, or both together, to bring an action for the recovery of the total loss to the community. Of course, the interposition of an action by either spouse would be a bar to the interpositon of a similar action by the other. Section 60 by its own terms says: "Provided, that the legitimate or natural mother shall always be a participant in the action in proportion equal to that of the legitimate or legitimized natural father; And

provided, further, that nothing hereinbefore provided shall be construed as a violation of the rights of inheritance established by the Civil Code and of the actions originating therefrom.''

The first proviso implies that the recovery, although it uses the word ''action'', shall correspond in equal proportions to the spouses. As to the last disposition, we are inclined to believe that it refers to the succession, by the heirs of the deceased minor, to any cause of action or chose in action which may vest in him personally by reason of his injury or death.

We have reviewed the cases where this court has passed upon facts similar to those of the present one but in none of them have we decided the particular issue now before us. In most of them the father and mother joined in the suit, and in the others the father brought the suit.

Under the view we have assumed, we feel that the action brought originally by the husband successfully interrupted the prescription of the cause of action in favor of the community and that the suit subsequently filed by the wife as the surviving representative of the community was merely a continuation of the former litigation by a properly substituted plaintiff. We therefore hold that the action brought by the father originally and that brought by the mother in 1933, and which is now before us on appeal, are actions by the same plaintiff, the community, represented in the former suit by its administrator, and in the present case by his legal successor. There is but one action, although perhaps it may be exercised at times indiscriminately by either parent.

The judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Chief Justice el Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.