BENJAMIN FREEMAN & als. *versus* MOSES C. FOSTER & al.

An outstanding mortgage of premises described in a deed of warranty, is not such an incumbrance as will constitute a breach of the covenant of freedom from incumbrances, when the premises in the deed, described by metes and bounds, are declared therein to be " subject to the mortgage."

ON FACTS AGREED.

Action for a breach of the covenant of freedom from incumbrances, contained in a deed of warranty from the defendants to the plaintiffs, dated March 23, 1856. Writ dated October 31, 1866.

Immediately succeeding the description of the premises by metes and bounds are the following words, — " saving and reserving the building thereon situate, and the right to

enter and remove said building from the above described premises, subject to a mortgage given to Moses Pattee by said Foster and Buck, dated Feb. 15, 1856, and recorded in Oxford records, book 104, pages 409 & 410." Then follows the *habendum*, together with the covenants of seizin, freedom from incumbrances, &c.

The consideration of the deed was $300, and that of the mortgage the same amount, which had never been paid by either party. The plaintiffs sold the premises by deed of warranty, dated April 10, 1857, to one Partridge, and the title to the equity of redemption came through several mesne conveyances to the defendant Foster, his immediate grantor's deed bearing date June 27, 1861.

Pattee published notice of foreclosure of his mortgage, Sept. 30, 1858, last publication Oct. 15, 1858.

If the action was not maintainable, the plaintiffs were to become nonsuit.

*S. F. Gibson*, for the plaintiffs, contended

That the covenant of freedom from incumbrances was broken by the existence of the outstanding mortgage to Pattee, notwithstanding the reference to it in the deed; and cited *Bemis* v. *Smith*, 10 Met., 194; *Estabrook* v. *Smith*, 6 Gray, 572; 2 Washb. on Real Property, (2d ed.,) 725, § 35, a, and cases therein cited, especially *Stebbins* v. *Hall*, 29 Barb., 524.

*D. Hammons*, for the defendants.

DANFORTH, J.—This is an action for a breach of the covenant against incumbrances,. contained in a deed from the defendants to the plaintiffs, dated March 22, 1856. In the same deed the premises conveyed are described as "subject to a mortgage given to Moses' Pattee by said Foster and Buck, dated Feb. 15, 1856." It is evident that the covenants in a deed are applicable to, and coextensive with, the premises conveyed. In this deed, the interest in the premises covered by the mortgage was not conveyed, and it must

necessarily follow that the covenant did not apply to that incumbrance. As the case finds no other incumbrance, there is no breach of the covenant. The doctrine of *Kinsman* v. *Lowell*, 34 Maine, 299, is decisive of this case.

*Plaintiffs nonsuit.*

WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.

The following opinion was drawn by

KENT, J.—I concur in the opinion. The case cited from our own Reports seems to establish the doctrine contended for by the defendants. The case of *Estabrook* v. *Smith*, 6 Gray, 572, cited by plaintiffs, at first view, seems to favor the proposition contended for by them. But, on examination, it will be seen that the words,—"except a mortgage to Spenser Field," are annexed to one of the covenants only, the covenant of freedom from incumbrances, followed by the general covenant of warranty of the premises against the lawful claims and demands of all persons. The question in that case was how far words of restriction or qualification, annexed to one covenant in a deed conveying real estate, are to be extended to other covenants. It was held that the covenant for quiet enjoyment is of materially different import and directed to a distinct object from the covenant for title, and therefore the qualifying language annexed to that covenant could not be transferred to and qualify the general covenant for title.

But, in the case at bar, the qualifying words are part of the description of the premises granted. The deed says, I " do hereby give, grant, bargain, sell and convey the following described parcel of land,"—then follows a description by metes and bounds,—then follows a reservation of a building thereon, with a right to enter and remove it from the above described premises, "subject to a mortgage to Moses Pattee, recorded in Oxford records, book 104, pages 409 & 410." Then follow the four usual covenants.

In this case, therefore, if the allegation in the deed in

reference to this mortgage, is of any importance, or can affect any covenant, it is clear that it must apply to all the covenants. The words were used for some purpose. They do not refer to the mortgage deed for the purpose of identifying the land, or its boundaries. They evidently were intended to qualify the estate granted and were used as a part of the description of the estate granted, and to that estate, thus qualified, the covenants apply.