BENJAMIN F. BROWN & another *vs.* SOUTH BOSTON SAVINGS BANK.

Essex.    November 7, 8, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Covenant in Deed— Mortgage of Realty — Discharge — Redemption — Accounting — Indorsement on Execution — Receipt — Advice of Counsel — Commissions — Allowance of Costs.*

Upon a bill in equity, praying, in the alternative, that a mortgage on real estate therein described be discharged as paid, or that the land might be redeemed therefrom, it was *held,* upon facts found by a master, that the mortgage had not been satisfied and was still in force, but that the plaintiff might redeem upon payment of the mortgage debt, deducting certain sums therefrom.

A statement in a deed, after a specific description of the granted premises, that they are subject to certain mortgages, qualifies the estate granted, and a subsequent covenant of warranty applies to the estate as thus qualified, which is an equity of redemption.

A grantee, by accepting a deed containing a covenant "that all incumbrances on the within estate shall be removed within ninety days from the date hereof, excepting a mortgage " for a certain sum, in effect agrees to hold his estate subject to a mortgage for that sum, to be charged upon it.

In a bill to redeem by the assignee of the mortgagor, a prayer that he "may be allowed to pay such sum as shall be found due thereon " is a sufficient offer to redeem, within the Pub. Sts. c. 181, § 27.

If a mortgagee, who has reduced to a judgment a note held by him as additional collateral security and has levied on more than enough of the maker's property to satisfy the execution, learns of his financial embarrassment, he is justified in settling the debt, by the advice of an attorney in good standing, for less than

one third of the amount due, and cannot be said not to have acted in good faith and with proper care.

An indorsement by a judgment creditor's attorney on an execution, that "the within execution and the judgment on which the same was issued being settled, the said execution is hereby returned satisfied," was *held* to be merely a receipt, which might be explained by showing what amount was actually received on the execution.

A mortgagee in possession of land is not chargeable with the full rental value of the premises, but only with the rents actually collected by him, there being no proof of negligence or want of due diligence on his part in managing the estate.

A commission of five per cent on amounts collected by a mortgagee in possession, as compensation for his services in the management of an estate, was *held* to be reasonable.

BILL IN EQUITY by the assignees of a mortgagor to discharge, or to redeem land from, a mortgage. The case was referred to a master, who stated the accounts between the parties in the alternative. Hearing upon the pleadings, and the master's reports and exceptions thereto, before C. *Allen,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*R. Lund,* for the plaintiffs.

*J. G. Abbott & C. G. Saunders,* for the defendant.

DEVENS, J. The plaintiffs in the case at bar bring a bill in equity, claiming that a certain mortgage held by the defendant on the premises of the plaintiffs, which are now in the defendant's possession under proceedings to foreclose, should be deemed to be discharged from the mortgage, upon the ground that the debt is fully paid and satisfied, and further praying that, if it shall be held that said mortgage debt is not now paid and satisfied, they may be allowed to redeem the premises.

On July 28, 1875, Ella R. Anderson owned certain real estate in Andover, of which the premises in question were a part, and on the same day, with her husband, executed and delivered to the defendant a mortgage deed of such real estate to secure a note of $10,000. On the same day, the Andersons also executed and delivered to Elizabeth Ryley a mortgage deed of the same for the sum of $1,500, which was subordinate to that of the defendant. On December 10, 1875, Mrs. Anderson, her husband assenting thereto, conveyed to Stephen W. Harmon a portion of the real estate included in these two mortgages, which is that now alleged to belong to the plaintiffs. The consideration

for this conveyance, and for a secured note of $1,500, was a conveyance by Harmon to her of an estate in Jamaica Plain, whose cash value over and above the mortgage thereon is found to have been $3,250. The deed of Mrs. Anderson conveyed this portion of the real estate to Harmon by metes and bounds, and after this description a clause is added, " subject to a mortgage of $10,000 to the South Boston Savings Bank and another mortgage of $1,500."

The covenants in the deed were as follows : " And I the said grantor, for myself and my heirs, executors, and administrators, do covenant with the said grantee and his heirs and assigns that I am seised lawfully in fee simple of the aforegranted premises, that they are free from all incumbrances except as aforesaid, and said grantor covenants for her heirs and assigns with grantee, heirs and assigns, that all incumbrances on the within estate shall be removed within ninety days from the date hereof, excepting a mortgage of $3,500 ; that I have good right to sell and convey the same to the said grantee and his heirs and assigns forever as aforesaid ; and that I will, and my heirs, executors, and administrators shall, warrant and defend the same to the said grantee, and his heirs and assigns forever, against the lawful claims and demands of all persons claiming by, through, or under me."

On May 22, 1876, Harmon conveyed the premises to the plaintiff, Benjamin F. Brown, for whom he had acted as trustee, " subject to the incumbrances therein named which the said Ella R. Anderson has agreed to remove." Benjamin F. Brown, on October 23, 1876, conveyed a portion of the premises to Elvira A. Stone, with a covenant against all incumbrances except those named in Harmon's deed, and on October 1, 1877, Stone conveyed the same to Annette E. Brown, the other plaintiff, subject to a mortgage previously made to Benjamin F. Brown.

On May 17, 1876, the defendant, in consideration of $7,569, principal and interest, which was indorsed upon the mortgage note of $10,000, released to Mrs. Anderson all the real estate mortgaged by her to the defendant which she had not conveyed to Harmon. An unpaid balance of $3,000 was thus left on the note, with interest from January 28, 1876. As a further consideration for said release, and an inducement thereto, and as

collateral security for the payment of the balance of the $10,000 note, the defendant received from Mrs. Anderson a joint and several note for $3,000, signed by Joseph B. Anderson and Isaac M. Eames.   On May 11, 1876, in consideration of $1,000 and $94.67 interest, Mrs. Ryley released to Mrs. Anderson the same portion of real estate which had been released by the defendant. The mortgages on the real estate conveyed to Harmon, and by him conveyed to Benjamin F. Brown, were thus reduced to $3,500.   The plaintiff Benjamin F. Brown made three several payments of interest on the balance of $3,000 due on the $10,000 note, the last payment being on May 7, 1877; and no further payment being made, the defendant entered on the premises on March 7, 1878, for the purpose of foreclosing its mortgage on the same.   The defendant knew, at the time of its release to Anderson, of the deed to Harmon, and subsequently endeavored to induce Harmon to sign a writing agreeing that the estate conveyed to him should be subject to the mortgage given by Mrs. Anderson notwithstanding the defendant's release to her.   Up to July 28, 1878, the plaintiff Benjamin F. Brown also endeavored to buy the Anderson mortgage from and settle with the defendant.   It appeared on the evidence, that at the time of the defendant's release, and also at the present time, the estate released to Mrs. Anderson was of the value of $15,000, and that conveyed to Harmon of the value of $4,000.

It is the contention of the plaintiffs, that, as the defendant has released the larger portion of the property covered by the mortgage with a knowledge of the covenants made by Mrs. Anderson, the full value of the property so released should be applied on the mortgage note; that the covenants of Mrs. Anderson to remove the incumbrances on the portion conveyed to Harmon, and to save Harmon harmless therefrom in law, would amount to a full covenant against incumbrances so far as they were made by Mrs. Anderson, including her mortgage to the defendant.   To sustain this position, the plaintiffs rely much on *Estabrook* v. *Smith*, 6 Gray, 570 ; but the cases are quite distinguishable.   It was there held, that a covenant against all incumbrances in a deed of land except a certain mortgage to a third person, followed by a general covenant of warranty, did not except the mortgage from the covenant of warranty, and this upon the

ground that the two covenants were not connected covenants, of the same import and directed to one and the same object. But while covenants may be, and often are, distinct from each other, and made for different objects, all are necessarily connected with the granting portion of the deed and with the description of the premises there given, and must be applied to that.

The words, "subject to a mortgage of $10,000 to the South Boston Savings Bank and another mortgage of $1,500," are not added to the description of the land in the granting part to identify it, but to qualify the estate granted, and to that description as thus qualified the warranty applies. It receives its full force when applied to the subject of the grant, and that must be held to have been an equity of redemption; otherwise, the qualifying words are treated as without force. When the words, "the aforegranted premises," or "the same," are found in the habendum clause or in the covenants, it is to an estate granted which is subject to certain mortgages that they relate. The precise question here discussed has been passed upon with a similar result elsewhere. *Kinnear* v. *Lowell*, 34 Maine, 299. *Freeman* v. *Foster*, 55 Maine, 508.

In *Wood* v. *Boyd*, 145 Mass. 176, where certain premises were conveyed, "reserving to the owner of the estate, and others adjoining on the south, a right of passageway over the within granted premises," etc., it is said: "'The granted premises' which are covenanted to be free from incumbrances is not the land in fee, but the fee diminished by existing easements, which are excepted out of the grant. Such easements are not incumbrances upon 'the granted premises.'" That the covenants in a deed of real estate must be limited and restricted to the grant, has been often held. *Sweet* v. *Brown*, 12 Met. 175. *Hoxie* v. *Finney*, 16 Gray, 332.

While the estate conveyed was described as subject to the two mortgages respectively of $10,000 and $1,500, the grantor covenanted that these should be removed within ninety days, excepting a mortgage of $3,500. The effect of this was, that when he accepted the deed the grantee agreed to hold his estate subject to a mortgage for this sum to be charged upon it, and thus that his estate should be made responsible for that amount.

Although it had been conveyed subject to the two mortgages, he had the covenant of the grantor that these so far as the charge upon his estate was concerned should be reduced to $3,500, and the natural construction of the contract is, that he consented to this incumbrance, and presumably had the benefit of this imposition upon the estate in the price paid. In determining what is equitable between the parties, and whether the plaintiffs can now contend that their estate is to be wholly released from the mortgages to the amount of $3,500 because the other estate originally included in it and worth more than the original mortgage has been released, or that the amount which their estate is to bear is to be in the proportion of its value to that of the whole estate as these values are now found to be, the contemporaneous construction put upon this contract is important. The mortgages having been promptly reduced by Mrs. Anderson to $3,500, upon this amount the original grantee of the plaintiff Benjamin F. Brown paid interest for from two to three years, and thus by a decisive act recognized it as properly chargeable on this portion of the real estate. Nor does it appear that any act to the contrary was ever done by the plaintiffs, or by those holding their estate, until the present bill was brought.

In determining whether the plaintiffs are entitled, as against the defendant, to enforce an equitable claim that the land held by them shall be wholly discharged from all that remains due of the original mortgages respectively of $10,000 and $1,500, or that at any rate there shall only be charged upon it a sum in the proportion that their estate bears in value to the whole estate originally included in the mortgage, as these values can now be ascertained, it is certainly important that the defendant might well have believed, from the payment of interest on the $3,500, that the owners of this estate admitted that this amount was a proper incumbrance upon their property. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387, 397. *Pike* v. *Goodnow*, 12 Allen, 472. Upon the facts as they appear, the rights of the plaintiff Annette E. Brown are not more than those of the plaintiff Benjamin F. Brown.

The plaintiffs further contend that the note of Anderson and Eames for $3,000, which, as before stated, was given by Mrs. Anderson to the defendant as collateral security for the amount

due on her note, and also as an inducement to the defendant to release the portion of the premises other than that conveyed to Harmon from its mortgage, is to be treated as fully paid, and thus that the defendant's mortgage debt is satisfied. It is found that in fact the defendant never received but $1,000 on a judgment recovered by it against Eames in an action upon this note, which amount it has applied in reduction of its mortgage debt. The plaintiffs have no claim upon this additional collateral for the payment of their debt, which was the principal debt, unless it is that the amount actually received from Eames shall be properly credited, so that, if Eames is entitled to be subrogated to the place of the defendant, he shall not seek to charge more upon the plaintiff's premises than the sum he has actually paid upon the debt due thereon. They contend that the defendant is estopped to deny that it has received the full amount of the judgment rendered in the suit brought upon this note, as the execution was returned satisfied, as appears by a receipt signed by the defendant's attorney, which recites that the execution and judgment on which the same was issued are settled. This is not properly a return, but a receipt, which may be explained, and does not prevent the defendant from showing what it actually received. To the benefit of this alone are the plaintiffs entitled.

Nor, if the plaintiffs had a right to have the defendant first resort to this collateral security, and thus to avail themselves of it for the payment of the mortgage debt charged upon their estate, have they any ground for contending that the defendant has not conducted itself in good faith and with proper care in endeavoring to collect it. It is indeed true, that a levy was commenced upon a certain piece of real estate in which Eames had an undivided interest incumbered by a widow's dower, which estate was more than enough to have satisfied the execution. It also appeared that at this time Eames had an unincumbered parcel worth $1,500. But it is not shown that the defendant was aware of these facts, and it is shown that Eames was financially embarrassed; that the defendant, in making a settlement with him by which Eames's sisters offered to and did pay on his behalf $1,000 and some costs, acted by the advice of an attorney in good standing, in whose hands it had placed the execution for collection. No negligence is found on the part of the

defendant, and in a transaction of this nature it must of necessity have been largely guided by the advice of the attorney, who cannot be said to have been improperly selected.

If the mortgage debt due from the plaintiffs' estate cannot be treated as discharged, and we think it cannot, the plaintiffs desire to maintain this bill as one to redeem. The prayer of the bill is, that the plaintiffs may be allowed to pay such sum as shall be so found due and justly secured on their said estate under said mortgage to the said defendant, and be allowed to redeem the said estate from said mortgage.

It is the contention of the defendant, that it cannot be thus maintained, as the bill does not in distinct terms offer to pay the debt due, and that, as it takes the place of a tender, there must be such a proposition made by the bill that it can be accepted by the defendant and a contract thus made which can be enforced, so that a grantee of the mortgagor, who would not ordinarily and in the absence of special agreement be liable to pay the mortgage debt, is obliged to make himself personally responsible therefor by an offer so to do before he can demand an account. Where one occupies the position of an assignee of the mortgagor, the prayer that he may be allowed to pay such sums as may be found due is a sufficient offer under the Pub. Sts. c. 181, § 27, and is to be construed as such. We are not prepared to hold, upon an offer in the bill in the exact terms of the statute, even if it be followed by an account rendered by the mortgagee in possession or his assignees, approved by the court, and only upon payment of the balance due on which the plaintiff will be permitted to redeem, that a contract which the plaintiff must fulfil is made to pay such balance, or that a judgment can be rendered against him for its amount, except conditionally on his exercising the right of redemption. Pub. Sts. c. 181, § 33.

The offer to redeem in the bill is indeed a substitute for a previous tender, but where the bill is brought without such tender, even if the plaintiff is entitled to redeem, he is compelled to pay the costs of the suit; unless the defendant has unreasonably neglected to render an account when requested, or otherwise by his default has prevented the plaintiff from performing or tendering performance of the condition of the

mortgage.   Pub. Sts. c. 181, § 29.   This liability has been deemed sufficient to distinguish those cases where a bill has been brought only upon an offer to redeem, from those where it has been brought upon a previous tender.   It may be, as suggested by the defendant, that a mortgagee in possession may sometimes be put to great trouble and expense in rendering an account, where there is no honest intention of redeeming the mortgaged estate.   Should this be made to appear, or should it be fairly apprehended by the court, it would have power, by imposing on the plaintiff such terms as the case would seem to require before ordering the mortgagee to account, to protect him against merely vexatious proceedings.

As we are of opinion that the plaintiffs are entitled to redeem, the question remains upon what terms they may do so.   The balance due on the mortgage to Mrs. Ryley, if one still remains, does not here concern us.   We have held, as above stated, that the balance of $3,000 due on the original note to the defendant, with interest, was properly chargeable on the plaintiffs' estate, except as it has been diminished by the payments of interest by themselves and those under whom they hold, and further by the amount received by the defendant on the Eames note.   The defendant entered to foreclose its mortgage on March 7, 1878, and has since that time been in the possession of the mortgaged premises, and it is the contention of the plaintiffs that it is now chargeable in its account with the full rental value of the premises.   The rule is settled, that, in the absence of proof of negligence or want of due diligence on the part of the mortgagee, he is not chargeable beyond the amounts received for rents.   While, if the mortgagee is himself in occupation of the premises, he may properly be charged with the full rental value thereof, yet the fact that experts testify that the rental value is more than the mortgagee has actually collected is not sufficient to establish any such want of diligence.   *Gerrish* v. *Black*, 104 Mass. 400.   *Donohue* v. *Chase*, 139 Mass. 407, 411.

Although the master has found that the rental value was more than the defendant actually received, he has not found any want of care or diligence in the management of the estate. It cannot be inferred from this finding as to the rental value, nor from the fact which he has also found, that the buildings

have deteriorated and the land has been allowed to run out. It does not appear that this deterioration in the buildings or land was anything more than was to be anticipated from the lapse of time and the use of the land, or that the estate was let to any tenant who was not properly selected, by whose negligence it might have been occasioned. *Hubbard* v. *Shaw,* 12 Allen, 120. The plaintiffs should be allowed, therefore, to redeem upon the basis of the first account as stated by the master, which should be brought down to the time of rendering the decree. This account only charges the defendant with the rent actually received by it, and provides for the payment by the plaintiffs of the entire balance still unpaid upon the mortgage given by Mrs. Anderson to the defendant. It also includes certain items of expenditure made by the defendant after taking possession, to the allowance of which no exception was taken, and also a commission of five per cent on the amount collected, to the allowance of which the plaintiffs except. The claim for compensation in the management of the estate is reasonable, and the amount allowed is according to the usual rule, as heretofore adopted. *Gibson* v. *Crehore,* 5 Pick. 146. *Gerrish* v. *Black,* 104 Mass. 400. No previous demand for an account or tender having been made, the defendant is also entitled to its costs of suit. Pub. Sts. c. 181, § 29.                                                  *Decree accordingly.*