## W. E. JOHNSON v. W. E. NICHOLS, Appellant.

**Mortgage.** A statement in a deed of land that is sold "subject to one existing mortgage of $300 00," is merely descriptive and is not intended to fix the exact amount due thereon.

**COVENANTS.** A covenant in a deed to land that it is "free from incumbrances," is limited by a statement in the granting clause of the deed, that it is "subject to" an existing mortgage of a specified amount.

*Appeal from Hardin District Court.*—HON. BENJAMIN P. BIRDSALL, Judge.

FRIDAY, APRIL 8, 1898.

ACTION at law upon the covenants of a deed. Defendant denied any breach of the covenants save as to one item, which he averred a readiness to pay. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*E. R. Seaton* and *Huff & Ward* for appellant.

*Kinkead, Mentzer & Granger* for appellee.

DEEMER, C. J.—The case comes to us upon this certificate from the trial judge: "The plaintiff brings this suit in this action on the covenants of warranty of a deed, which reads in words and figures as follows, to wit: 'Know all men by these presents: That W. E. Nichols and Sadie E. Nichols, his wife, of Winnebago county and state of Iowa, in consideration of the sum of four thousand and two hundred dollars, in hand paid by W. E. Johnson, of Hardin county and state of Iowa, do hereby sell and convey unto the said W. E. Johnson, and to his heirs and assigns, the following described premises, situated in the county of Winnebago and state of Iowa, to wit: The south half of the southeast quarter, and the southeast quarter of the southwest quarter, of section one, ninety-seven, twenty-five, Hancock county, Iowa. (S. $\frac{1}{2}$) (S. E. $\frac{1}{4}$) and the (S. E. $\frac{1}{4}$) of the (S. W. $\frac{1}{4}$), section (1), township number (97), range (25) west of the 5th P. M., Hancock county, Iowa, subject to one existing mortgage of ($800) eight hundred dollars. And we do hereby covenant with the said W. E. Johnson that we are lawfully seised in fee simple of said premises; that they are free from incumbrance; that we have good right and lawful authority to sell the same; and we do hereby covenant to warrant and defend the said premises and appurtenances thereto belonging against the lawful claims of all persons whomsoever. And the said Sadie E. Nichols hereby relinquishes all her right of

dower and homestead in and to the above-described premises. Signed the 13th day of March, A. D. 1896. W. E. Nichols. Sadie E. Nichols.' One of the items of plaintiff's claim under the covenants of warranty of the deed is forty-five dollars and twenty-two cents, accrued interest at the time of the delivery of the deed to plaintiff, on the eight hundred dollar mortgage, referred to in the deed in the following language, namely: 'Subject to one existing mortgage of ($800) eight hundred dollars.' The question, then, is, as a matter of law: Is the language 'subject to a mortgage of $800' simply descriptive of the mortgage, carrying with it the accrued and unpaid interest of forty-five dollars and twenty-two cents, and excepted from the covenants of warranty of the deed, and thus not an incumbrance, or would the language in the deed alluded to imply that the item of accrued interest of forty-five dollars and twenty-two cents was contemplated by the terms of the covenants of warranty of the deed, and entitled the plaintiff to recover the same as an incumbrance upon the land, inasmuch as it swelled the mortgage to the sum of eight hundred and forty-five dollars and twenty-two cents, instead of making the same eight hundred dollars, at the time of the delivery of the deed?" The question is thus tersley stated to be whether the words referring to the mortgage are simply descriptive, or are a limitation upon the amount of the incumbrance. Appellee's argument in support of the ruling of the trial court enters into a much broader field than is covered by the question certified. He insists that nothing is excepted from the covenants of warranty against incumbrances, and that he is entitled to recover, not only the interest upon the mortgage, but the principal as well. If this be true, then the only error in the case is the plaintiff's failure to ask judgment for the full amount of the mortgage indebtedness, both principal

and interest. But we cannot agree with him in his contention. The land was sold subject to the mortgage. These words are a part of the description of the estate, and the warranty has reference to that estate thus qualified. *Brown v. Bank*, 148 Mass. 300 (19 N. E. Rep. 382); *Wood v. Boyd*, 145 Mass. 176 (13 N. E. Rep. 476); Jones, Real Property, section 855, and cases cited. The case of *Estabrook v. Smith*, 6 Gray, 570, is not in conflict with this rule, for the reasons pointed out in *Brown v. Bank, supra*. *Bennett v. Keehn*, 67 Wis. 154 (30 N. W. Rep. 112), simply follows the case in 6 Gray, and has no reference to such a state of facts as is here disclosed.

With this point determined, we now have the exact question presented by the certificate: Are the words "subject to one existing mortgage of $800" merely descriptive, or are they words of limitation? The mortgage was but a single incumbrance. It stood as security for the payment, not only of the principal debt, but of the interest as well. It was that security which was exempted from the covenants of the deed, and not an incumbrance to any certain amount. The words were merely descriptive of the mortgage, and were clearly not intended to fix the exact amount due thereon. This exact question has been decided by the supreme court of Massachusetts in the case of *Shanahan v. Perry*, 130 Mass. 460. The court there held that the words were descriptive, and that the accrued interest upon the debt secured was excepted from the general covenants. The trial court should have instructed the jury that plaintiff was not entitled to recover the interest paid by him.—REVERSED.