[Deason v. Findley, et al.]

# Deason *v.* Findley, *et al.*

*Action for Breach of Covenant of Quiet Enjoyment.*

(DECIDED FEB. 1, 1906, 40 So. REP. 220)

1. *Covenants; Covenants Running With the Land.*—A covenant for quiet enjoyment or warranty runs with the land into the hands of the assignee and heirs, and may be sued upon by the heir or assignee in possession when it is broken.

2. *Same; What Covenants Run With the Land.*—There must be a privy of estate between the covenanting parties for a covenant to run with the land; and in order for the covenant to pass to the grantee of the covenantee the covenant must relate to the interest created or conveyed.

3. *Same; Presumption of Deed.*—Although a deed may be presumed for the purpose of quieting one in possession of land, under some circumstances; yet an instrument not under seal cannot be presumed to be a deed for the purpose of supporting an action for breach of covenant thereon, or an action for breach of covenant contained in a deed further back in the chain of title.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. A. H. BENNERS.

The plaintiff sought to recover for breach of covenant of quiet enjoyment from one far back in the chain of title. The chain of title shows a deed from Kenneth Findley to John Findley in trust for Murchison Findlay; a deed from Murchison Findlay to William Robertson in 1836; a deed from William Robertson to Elbert Robinson in 1848; proof of the lost or mislaid deed or rather attempting proof, from Elbert Robertson to John C. Moore in 1860; deed from Moore to Fears in 1862; deed from Fears to Olmstead in 1863; deeds from Olmstead and Christian to Jones in 1864; deed from Jones to Deason, the appellant. It was admitted that the conveyance of Murchison Findley to the respondent was voluntary. The parol testimony of the conveyance by Elbert Robertson does not amount to proof

of such a conveyance or of a parting with the legal title by Robertson.

DANIEL COLLIER and M. T. ORMOND, for appellant.

FOSTER & OLIVER, for appellee.

ANDERSON, J.—The complainant relies on a breach of covenant of warranty or quiet enjoyment, and not a covenant of seisin. Covenant of quiet enjoyment and of warranty runs with the land into the hands of the assignee and heirs, and may be sued upon by the heir or assignee who is in possession when the breach occurs. "But, in order that a covenant may run with the land to assignees, the grantee must by the conveyance acquire the actual or constructive seisin."—Tiedman on Real Property, §§ 855, 860. It is not sufficient that the covenant is concerning land, but to make it run with the land there must be a priviity of estate between the covenanting parties, and the covenant must have relation to an interest created or conveyed, in order that the covenant may pass to the grantee.—8 Am. & Eng. Ency. Law, 147; *Web v. Russell*, (England) 3 T. R. 393. In order to entitle one to recover on a covenant of warranty of a remote vendor, the plaintiff must show that he holds title by privity with the immediate covenantor of such remote vendor.—5 Ency. Pl. & Pr. 357, and note; *Pool v. Morris*, 74 Am. Dec. 68; *Mygatt v. Coe*, (N. Y.) 26 N. E. 611, 11 L. R. A. 646; *Beardsley v. Knight*, 4 Vt. 471.

The complainant in the case at bar has shown no privity of estate with Wm. Robertson, the covenantee of the grantor or warrantor, Murchison Findley. There is nothing to connect her with Elbert Robertson, the second grantee; she claiming under John C. Moore, who received no conveyance from any one holding under Wm. Robertson, the original covenantee of Murchison Findley. The complainant's contention that the possession of herself and those claiming under John C. Moore has been of such duration that the law presumes a conveyance from Elbert Robertson to said Moore, if

[Western Union Tel. Co. v. Krichbaum.]

correct, cannot enable her to recover for a breach as against Findley. In the case of *Beardsley v. Knight*, supra, the Vermont court said: "The argument that the plaintiff was in possession, and therefore might avail himself of the covenant as running with the land, is wholly destitute of foundation. His possession, as against Hotch, may have been adverse, so that he was acquiring a title by the statute of limitations as against him; but, if so, it would be at least singular if he could acquire a title against Hotch by a trespass, and at the same time, by the same trespass, acquire a right to Hotch's claim against the defendant on the covenants in his deed. Although a deed from Hotch to the plaintiff might under some circumstances be presumed, yet, as presumptions are made to quiet men in possession, I do not know that it has ever been contended before that it would create a right of action on the deed presumed. A deed might be presumed to give a legal origin to possession; but an instrument not under seal cannot be presumed to be a deed for the purpose of giving one an action of covenant thereon, or an action of covenant on a deed further back in the chain of title."

The decree of the chancellor is affirmed.

TYSON, DOWELL, and SIMPSON, JJ., concur.