[No. 5708:]

### Miller v. De Graffenried.

**Conveyances—Covenants—Warranty—Breach.**

A deed described the land conveyed, as "subject, however, to one certain trust deed incumbrance for the same, etc., which said incumbrance has been assumed by" a third person, and contained a general covenant of warranty against all incumbrances except for taxes for a designated year, which the grantee agreed

to pay. Held, that the covenant of warranty was not a covenant that the third person would pay the trust deed at maturity, but applied only to the estate conveyed, which was an equity of redemption in the property described, since the statement that the incumbrance had been assumed by the third person is, at most, an added identification of the incumbrance, and did not guarantee that such third person would pay the incumbrance when due.—P. 310.

*Error to the District Court of Delta County.*
*Hon. Theron Stevens, Judge.*

Action by Austin E. Miller against James R. DeGraffenried. From a judgment of dismissal, plaintiff brings error.    *Affirmed.*

Mr. PORTER PLUMB, for plaintiff in error.

Mr. CHARLES L. PIKE, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

On the 19th of October, 1896, plaintiff in error purchased from defendant in error a certain tract of land at the agreed price of $400. The deed described the land conveyed as follows: ''The west one-half of Lot 1 and all of Lot 2, in Section 1, Township 15 south, Range 95 west of the 6th principal meridian, containing sixty acres, more or less. Subject, however, to one certain trust deed incumbrance for the sum of $400 and interest, which said incumbrance has been assumed by one G. A. Grant''; and contained a general covenant of warranty against all incumbrances, except taxes for 1896, which the grantee agreed to pay.

Thereafter suit was brought to foreclose the trust deed mentioned. The defendant was duly served with notice of the suit, and failed and refused to defend the same. Suit was prosecuted to final judgment, and judgment rendered in the sum of $610

and costs, and a decree of foreclosure entered. The property was sold under the decree for the amount of the judgment and costs, and plaintiff was compelled to, and did, pay that sum to redeem the premises and clear the title thereto.

Upon the foregoing facts the plaintiff predicates his right to recover the amount so expended, and assigns error upon the ruling of the trial court in sustaining a demurrer to the complaint, upon the ground that it did not state a cause of action, and in holding that the clause, "subject, however, to one certain trust deed incumbrance for the sum of $400 and interest, which said incumbrance has been assumed by one G. A. Grant," was a limitation upon the estate granted, and that the deed conveyed only an equity of redemption to which alone the covenants in the deed applied, his contention being that the words last quoted are merely words of description, and not words of limitation of the estate conveyed. We do not think that this contention of counsel can be upheld.

"Subject always to a manifest intention to the contrary, general covenants will be construed as limited to the premises and estate purported and intended to be conveyed; they are intended to protect, and cannot be construed to enlarge, the estate granted."—11 Cyc. p. 1059, and cases cited.

And under this rule of construction it has been frequently held that a statement in a deed, after a specific description of the granted premises, that they are subject to a mortgage, qualifies the estate granted, and a subsequent covenant of warranty applies to the estate as thus qualified, which is an equity of redemption.

In vol. 8, Am. & Eng. Enc. Law (2d ed.), the rule is stated as follows:

"Though the dependent covenants in a deed of conveyance may be absolute in form, yet they are to be construed with reference to the subject-matter of the deed. Their office being merely to defend that which has been granted, * * * " (P. 66, subd. c).

"So where a conveyance of land is expressly qualified as being subject to a mortgage, the covenants in the deed, though absolute, apply only to the equity of redemption, which is all that such a deed purports to convey."—*Ibid,* p. 70, subd. dd.

Among the cases announcing this rule see: *Freeman v. Foster,* 55 Me. 508, 511; *Drury v. Holden,* 121 Ill. 130, 13 N. E. 547; *Brown v. South Boston Savings Bank,* 148 Mass. 300; *Walther v. Briggs,* 69 Minn. 98.

In *Brown v. South Boston Savings Bank, supra,* it is said:

"But while covenants may be, and often are, distinct from each other, and made for different objects, all are necessarily connected with the granting portion of the deed and with the description of the premises there given, and must be applied to that. The words, 'subject to a mortgage · * * *,' are not added to the description of the land in the granting part to identify it, but to qualify the estate granted, and to that description as thus qualified the warranty applies. It receives its full force when applied to the subject of the grant, and that must be held to have been an equity of redemption; otherwise the qualifying words are treated as without force."

In *Drury v. Holden, supra,* Sheldon, J., speaking for the court, said:

"It is said the deed from Daggett to Drury contained full covenants of warranty, to which there was no exception; that thereby Drury's grantor covenanted that he would warrant and defend the lots

conveyed against the holders of all incumbrances. The covenants extended only to what was conveyed, and that was, not the lots absolutely, but the lots subject to the incumbrance. The real covenant was that, otherwise than as subject to the incumbrances named, the lots were free from all incumbrances, and that the grantor would warrant and defend the titles.''

It clearly appears in the granting portion of the deed that the estate intended to be conveyed and that was conveyed was the title to the premises described, *subject to the lien of the incumbrance;* in other words, the equity of the grantor therein; and the statement that such incumbrance had been assumed by G. A. Grant was at most an added identification of the incumbrance, and the defendant did not by his covenant of warranty guarantee that Grant would pay said indebtedness upon maturity, and in the circumstances no breach of the covenant is shown.

It follows that the court below correctly held that the complaint did not state a cause of action.

The judgment dismissing the action will, therefore, be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.