(78 South. 887)

TONEY v. DEWEY. (6 Div. 714.)

(Supreme Court of Alabama. April 11, 1918.)

1. COVENANTS &34—INCUMBRANCES—RECITALS.

Where a deed recited that the premises were subject to a described mortgage, and the habendum clause covenanted that the property was free from incumbrances "except above-mentioned mortgage," the covenant of warranty was modified by the preceding recitals, and did not obligate the grantor to pay the mortgage; for the covenant of warranty, although absolute in form, applied only to the equity of redemption, which was all the deed purported to convey.

2. MORTGAGES &282(1) — ASSUMPTION OF MORTGAGE.

In the absence of language in a deed importing the grantee's assumption of a mortgage on the property conveyed, the grantee does not become personally liable for it.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit in equity by Mrs. Arlie L. Toney against Mrs. Carrie E. Dewey. From a decree for respondent, complainant appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant. London, Yancey & Brower, of Birmingham, for appellee.

SAYRE, J. [1] This cause was submitted and decided in the circuit court, equity side, upon an agreed statement of facts the substance of which will be made to appear in what follows:

For and in consideration of a recited consideration of $1,250 in hand paid to appellee, she sold and conveyed to appellant certain realty in the city of Birmingham. Immediately after the granting clause and the description of the property there followed in the deed this language:

"This conveyance is made subject to a mortgage amounting to five thousand and no/100 dollars to the Mortgage Bond Company of New York; mortgage situated, lying, and being in the county of Jefferson, state of Alabama."

And then the habendum as follows:

"To have and to hold to the said Mrs. Arlie L. Toney, heirs and assigns forever, and we do for our heirs, executors, and administrators, covenant with the said Mrs. Arlie L. Toney, her heirs and assigns, that we are lawfully seised in fee simple of said premises; that they are free from all incumbrances except abovementioned mortgage, and that we have a good right to sell and convey the same as aforesaid; that we will, and our heirs, executors, and administrators shall, warrant and defend same to said Mrs. Arlie L. Toney, her heirs, executors, and assigns, forever, against the lawful claims of all persons."

To prevent a foreclosure appellant had found it necessary to make payments on the mortgage debt held by the Mortgage Bond Company of New York.

Appellant filed her bill in this cause upon the theory that appellee's covenant of warranty was not limited, qualified, or affected in any way whatsoever by the language of her deed quoted first above. Appellant's theory cannot be maintained.

"While covenants may be, and often are, distinct from each other, and made for different objects, all are necessarily connected with the granting portion of the deed and with the description of the premises there given, and must be applied to that. The words 'subject to a mortgage of $10,000 to the South Boston Savings Bank, and another mortgage of $1,500,' are not added to the description of the land in the granting part to identify it, but to qualify the estate granted; and to that description, as thus qualified, the warranty applies. It receives its full force when applied to the subject of the grant, and that must be held to have been an

equity of redemption; otherwise the qualifying words are treated as without force." Brown v. South Boston Savings Bank, 148 Mass. 300, 19 N. E. 382.

[2] The covenant in the deed executed by appellee, though absolute in form, applied only to the equity of redemption, which was all the deed purported to convey. 8 Am. & Eng. Encyc. (2d Ed.) p. 70, and cases cited in note 4. There being no language importing appellant's assumption of the mortgage debt, she did not become personally liable for it (Hall v. M. & M. Ry. Co., 58 Ala. 10), though she became, indeed, interested in its payment, because the land remained as effectually charged with it as if she had expressly assumed its payment (2 Devlin on Deeds, §§ 1047–1052, where many cases are cited).

In Brown v. South Boston Savings Bank, supra, the Supreme Judicial Court of Massachusetts held the case of Estabrook v. Smith, 6 Gray (Mass.) 570, 66 Am. Dec. 443, which is cited on the brief for appellant in the present case, to be quite distinguishable from the case there under consideration, saying:

"It was there held that a covenant against all incumbrances in a deed of land except a certain mortgage to a third person, followed by a general covenant of warranty, did not except the mortgage from the covenant of warranty, and this upon the ground that the two covenants were not connected covenants, of the same import and directed to one and the same object."

And in Freeman v. Foster, 55 Me. 508, Kent, J., thus further stated the distinction:

"The question in that case," referring to Estabrook v. Smith, "was how far words of restriction or qualification, annexed to one covenant in a deed conveying real estate, are to be extended to other covenants. It was held that the covenant for quiet enjoyment is of materially different import and directed to a distinct object from the covenant for title, and therefore the qualifying language annexed to that covenant could not be transferred to and qualify the general covenant for title."

Other cases cited by appellant have been examined without finding that they hold anything different from the rule of Brown v. South Boston Savings Bank, supra, which is supported by numerous authorities, and, as it appears to us, the clear weight of reason.

The corner stone of appellant's case having been thus rejected, it follows that the circuit court committed no error in dismissing her bill.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.