(91 South. 579)

**PHILLIPS et al. v. CATTS.    (6 Div. 296.)**

(Supreme Court of Alabama.    Nov. 3, 1921.)

1. **Brokers ⬅77—Bill by complainant broker held to show respondent a simple debtor for services in securing a mining lessee, and not to entitle complainant to a lien on mining royalties.**

A bill by a broker showing that he was employed by a respondent to assist in securing a lessee for mining the latter's coal land, complainant to receive a royalty on coal mined, and that complainant aided in procuring the lessee, and that respondent has refused to pay complainant, *held* to show that respondent was a simple debtor of complainant, who could claim no lien of any sort on the royalty, respondent not being alleged to be insolvent, and there being no allegation that a judgment at law would be unfruitful, and no discovery sought.

2. **Equity ⬅51(1)—That legal debt accrues piecemeal would not render remedy at law inadequate or give equity jurisdiction to avoid multiplicity of suits.**

The mere fact that a purely legal debt accrues by piecemeal, or is payable in installments, as a per ton royalty to a broker procuring a lessee to operate a coal mine, would not, from mere refusal of the debtor to recognize or pay any one of them, render the remedy at law inadequate, nor give jurisdiction to equity to avoid a multiplicity of suits.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by Samuel W. Catts against E. Jack Phillips and others to recover royalty under contract. Decree for complainant, and respondents appeal. Reversed, rendered, and remanded.

L. D. Gray and A. F. Fite, both of Jasper, for appellants.

The court erred in overruling appellant's demurrers to the bill of complaint. 154 Ala. 355, 45 South. 658; 200 Ala. 276, 76 South. 43; 197 Ala. 395, 73 South. 46; 51 La. Ann. 699, 25 South. 423; 22 Ill. 320, 74 Am. Dec. 155; 13 C. J. 556; 36 Cyc. 587, 588, 597. The court erred in rendering final judgment for the complainant. 69 Ala. 86; 109 Ala. 602, 20 South. 51; 101 Ala. 554, 14 South. 630; 95 Ala. 172, 10 South. 225.

Ray & Cooner, of Jasper, for appellee.

Complainant had performed his part of the contract, and there could be no want of mutuality. 101 Ala. 446, 14 South. 672; 121 Ala. 542, 25 South. 704; 79 Ala. 180; 89 Ala. 402, 8 South. 114, 18 Am. St. Rep. 126; 36 Cyc. 624; 9 Cyc. 333. The complainant could not have and control an adequate remedy at law. 16 Cyc. 41; 15 Wall. 211, 21 L. Ed. 43. The contract could be specifically en-

forced. 70 Ala. 493; 128 Ala. 608, 30 South. 543. The contract was sufficiently definite. 106 Ala. 124, 17 South. 352; 103 Ala. 644, 16 South. 35; 108 Ala. 429, 19 South. 781. The court could and did grant proper relief. 90 Ala. 103, 7 South. 440; 90 Ala. 502, 8 South. 52; 88 Ala. 335, 6 South. 913; 84 Ala. 611, 4 South. 742; 81 Ala. 525, 8 South. 212.

SOMERVILLE, J. Construing the bill of complaint as favorably to complainant as its allegations will reasonably permit, it shows no more than this, viz.: Complainant was employed by respondent Phillips to assist him in securing a lessee for the mining of Phillips' coal land; complainant to receive as compensation for his services in that behalf a royalty of one cent per ton on all coal mined under the lease so made. Complainant aided in procuring the respondent Dilworth as such lessee. Dilworth has mined many thousand tons of coal, and is now mining it at the rate of about 200 tons a day. Complainant is entitled to be paid one cent, as stipulated, for every ton so mined; and Phillips and Dilworth have refused either to pay him dues, or to recognize his right to be paid.

[1] From these showings of the bill it must be concluded that Phillips is the simple debtor of complainant for the amount stipulated; that complainant has no specific interest in the royalty due from Dilworth to Phillips; and that Dilworth is under no obligation to pay anything to complainant.

"In the absence of a statute or an agreement between the parties, the landlord has no lien for rent under a mining lease." 27 Cyc. 716 (vii); Etowah Mining Co. v. Wills Valley M. & M. Co., 143 Ala. 623, 39 South. 336.

A fortiori the complainant in this case can claim no lien of any sort under the same conditions.

It is not alleged that Phillips is insolvent, nor that a judgment against him at law would be unfruitful. No discovery is sought, nor are any facts alleged as a basis for that relief.

[2] The equity of the bill must therefore be rested solely upon the ground that the remedy at law is inadequate because the recovery of the royalty as it accrued would require a multiplicity of suits.

"It has been stated by this court that it has never undertaken to define the jurisdiction of equity to prevent a multiplicity of suits, nor even to lay down the general principles governing the several categories of cases in which that jurisdiction may be invoked, but this court has evinced an inclination toward confining this jurisdiction to a narrow field, in order to conserve and preserve the right of trial by jury. Turner v. Mobile, 135 Ala. 124, 33 South. 132, and cases there cited. Bills of this character are called bills in the nature of

bills of peace, to quiet the rights of parties and to put an end to further litigation." Roanoke Guano Co. v. Saunders, 173 Ala. 347, 349, 56 South. 198, 199, 35 L. R. A. (N. S.) 491.

In general, where equitable jurisdiction is invoked to enforce a right of purely legal cognizance:

"The bill * * * must aver facts which show the legal remedies to be inadequate. This may be done by alleging facts which show that the wrong is destructive of the substance of the estate, or that the damages [or claims] are incapable of ascertainment in a court of law, * * * or that the defendant is insolvent and cannot be made to respond in damages, or that the wrong is vexatiously persisted in, *in spite of repeated verdicts*, and that to redress it in courts of law would require a multiplicity of actions at law, or probably other reasons not enumerated above." (Italics supplied.) Cullman, etc., Co. v. Hitt Lumber Co., 201 Ala. 150, 77 South. 574, 581.

In the text of Corpus Juris the rule is thus stated:

"At first it was thought that equity could interfere [to prevent a multiplicity of suits] only after defendant had been repeatedly defeated at law. The rule now is that plaintiff must first have established his right at law, but the satisfactory establishment of the right, and not the number of trials, founds the jurisdiction." 21 C. J. p. 77.

See Kellar v. Bullington, 101 Ala. 267, 14 South. 466.

In Troy, etc., R. R. Co. v. Boston, etc., R. Co., 86 N. Y. 107, the court said:

"There is no allegation showing multiplicity of suits pending or expected, and, while there is a finding by the court that a remedy can only be partially obtained by a great multiplicity of actions at law, there is no evidence that any such action has been tried or even brought. This the general rule requires, and we find nothing in the case to make it an exception."

In the instant case the bill of complaint seeks the recovery of a money demand of purely legal cognizance. It is not alleged that a multiplicity of actions at law would be necessary if relief be denied herein, nor are any facts alleged which would support such a conclusion. The showing is that respondents are denying that complainant has any interest in the royalty, and are refusing to pay him any part of it. From this it cannot be even conjectured that, if complainant should have brought an action at law, instead of this bill in equity, and had established the validity and effect of his contract with Phillips, and recovered the amount due on royalties up to that time, further actions would have ever been necessary thereafter. If, after recovering such a judgment, which would in subsequent actions operate as res judicata, Phillips should still deny complainant's right to the stipulated compensation, and harass complainant by compelling him to bring repeated actions for successive installments, at great trouble and expense, it would then be time to consider the necessity of a resort to equity.

We do not now pass upon that question, since it is not before us. It would seem, however, on clear and settled principles, that the mere fact that a purely legal debt accrues by piecemeal, or is payable in however so many installments, would not, from the mere refusal of the debtor to recognize or pay any one of them, render the remedy at law inadequate, nor give jurisdiction to equity to avoid a multiplicity of suits. See Gulf Compress Co. v. Harris, 158 Ala. 343, 353, 48 South. 477, 24 L. R. A. (N. S.) 399.

We are satisfied, upon the consideration above stated, that the bill of complaint is without equity, and we therefore hold that the trial court erred in overruling the demurrer for want of equity.

The decree of the circuit court will be reversed, and a decree will be here rendered sustaining the demurrer, with remandment for further proceedings in the court below.

Reversed, rendered, and remanded.

McCLELLAN, THOMAS, and MILLER, JJ., concur.