35 So.2d 106

**WOOD FABRICATORS, Inc. v. HAYES et al.**

**2 Div. 250.**

Supreme Court of Alabama.

April 29, 1948.

W. H. Lindsey, Jr. and J. Massey Edgar,. both of Butler, for appellees.

FOSTER, Justice.

This is an action by a real estate agent for his commission in aiding a purchaser of timber to locate it, and show it to him,. and assist him in making the trade. Plaintiff is the real estate agent and one Lamb. was the purchaser of the timber from Land,. the owner. The suit is against appellant, a remote subpurchaser under Lamb. Lamb. agreed to pay plaintiff 50 cents per thousand feet log scale of the timber as it was cut. Lamb sold the timber, after doing some cutting, to one Hood. Lamb paid plaintiff 50 cents per thousand of the timber he cut, and so did Hood, although Hood made no express contract to do so. Hood' then sold it to defendant, who likewise made no agreement to pay plaintiff, and refused to be bound to do so; though the complaint alleges that defendant assumed the payment of the balance payable as the cutting was: done. Since there was no express promise to do so, the question is whether one was. implied by law.

The court, at the request of plaintiff, charged the jury that the contract between plaintiff and Lamb, which we have described, was a contract that ran with the cutting of the timber; and refused a charge

Snow & Covington, of Meridian, Miss., for appellant.

requested by plaintiff that the contract was one which ran with the sale of the timber. There was a verdict and judgment for plaintiff, and defendant appeals.

The court also charged the jury in his oral charge that the contract does not mean that it is Lamb's duty to pay $5,000.00, but whoever assumed the cutting contract or the timber contract assumed payment of 50 cents per thousand as the timber is cut.

■■ The contract obligates no one but Lamb to pay the sum stipulated in it. It cannot be interpreted to mean something contrary to its terms. It provides that the "contract is in force until the full $5,000.00 is paid in full regardless of assignments or sales to other parties." It did not purport to fix a burden on the owner of the timber, or on the one who should cut the timber. It only bound Lamb. The 50 cents per thousand feet as cut only served to fix a method of providing for the time and amount of the installment payments. It could only fix a burden on the assignee of the timber contract who did not agree to assume its payment, by a covenant which ran with the ownership of the timber under the timber contract, or by an express stipulation in the commission contract known to the remote purchaser. The timber contract did not contain such a covenant or any reference to the commission contract. Lamb could fix a lien or burden on the property as security for an obligation he owed plaintiff as a third person, and a purchaser from him would buy subject to that lien if he had notice of it, but not be obligated personally to pay it, unless he agreed to do so. Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Toney v. Dewey, 201 Ala. 533, 78 So. 887; Hall v. Mobile & M. R. R. Co., 58 Ala. 10; 41 Corpus Juris 717, section 757, page 721, section 766.

■ It may be that if Lamb's contract with plaintiff had provided that his assigns of the timber contract would be bound by reason of such assignment to make the payments to plaintiff, then his assigns of such timber contract with notice of the stipulation would be bound to make the payments by accepting the assignment. But we cannot see in the commission contract any stipulation which the purchaser of the timber should consider as intended to bind him by such purchase. Without such a stipulation, it cannot bind the purchaser except as a covenant which runs with the land. But there must be privity of estate between the party claiming the benefit (plaintiff here) and the party who rests under the burden (Lamb here) for a covenant to run with the timber as part of the land. Deason v. Findley, 145 Ala. 407, 40 So. 220; Blaum v. May, 245 Ala. 156, 16 So.2d 329; 21 Corpus Juris Secundum, Covenants, § 54, notes 17 and 18, page 923.

There was no privity of estate between plaintiff and Lamb, or between plaintiff and Lamb's assignees of his timber contract. This principle seems to have been recognized by the trial court in refusing to charge the jury that the contract ran with the sale of the timber.

But appellee seems to think that the case of Perrine Sawmill Co. v. Powell, 207 Ala. 447, 93 So. 33, and the same case in 211 Ala. 620, 101 So. 389, support the theory that when an assignment is made of such a timber contract the assignee impliedly assumes the payment of commission installments provided for in another contract. But we do not so read those cases. They show that the assignee expressly assumed the obligation to make those payments. Complainants were brokers who negotiated a timber cutting contract made by Coosa as lessee with Ensign as owner, whereby Ensign agreed to pay complainants 20 cents per thousand as the timber was cut, and bound their respective assigns. Both Coosa and Ensign sold to Perrine. Coosa sold his cutting contract and Ensign sold the reversion. In the latter contract Perrine assumed all the obligations of Ensign in relation to its logging and mill business. This was said to include Ensign's agreement to pay the commission of complainants. But the suit was both to hold Perrine on a personal liability, and by complainants as a creditor of Ensign to enforce an equitable trust on the property of Ensign sold to Perrine. This sale was made for stock in Perrine which Ensign distributed to its stockholders. The Court held that as to its creditors, including com-

478

plainants, its property was a trust fund, as under section 103, Title 10, Code, and that complainants as creditors of Ensign could subject it in equity. And that Perrine was personally liable to pay to complainants Ensign's debt to them both because in their contract with Ensign they agreed to do so, and because the contract between the complainants and Ensign bound their respective assigns by its terms.

 Those cases are in no sense authority for the proposition that a purchaser of timber thereby assumes the personal obligation of his seller to pay a brokerage in installments as the timber is cut for negotiating a timber contract, unless such purchaser agrees to do so, or it is so stipulated in the commission contract or the timber contract. It is well understood that a broker has no implied lien equitable or common law for the payment of his fee. Erswell v. Ford, 208 Ala. 101, 94 So. 67; Phillips v. Catts, 206 Ala. 594, 91 So. 579.

We think the court committed error to reverse in charging the jury as we have indicated.

Reversed and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.