[No. 8522. Department Two. July 16, 1910.]

FRANK E. SCHAAD, *Plaintiff and Appellant*, v. A. E. ROBINSON *et al., Respondents and Cross-Appellants,* D. L. PETERS *et al., Defendants and Appellants.*[1]

APPEAL—REVIEW—IMPROPER EVIDENCE. The improper admission of letters which were privileged, in an action tried to the court, is not ground for reversal, as they will not be considered on appeal.

COVENANTS—WARRANTY—QUALIFICATIONS—ESTATE GRANTED—EXCEPTION OF MORTGAGE. Where a deed of land subject to mortgage recited immediately after the description "clear of all incumbrances except" the mortgage, only the equity of redemption subject to the mortgage was granted; and a general warranty in the habendum clause, covenanting that the property is free of all incumbrances and that the grantor will warrant and defend the same against all lawful claims of all persons whomsoever, is qualified by the prior recital of the lien, and applies only to the estate granted and not to the lien.

MORTGAGES — CONVEYANCE SUBJECT TO — SUBSEQUENT CREDITORS—PARTIAL RELEASE OF MORTGAGE—EFFECT. Where a portion of mortgaged premises was conveyed subject to the mortgage, subsequent judgment creditors of the mortgagor are entitled to have the mortgage satisfied so far as possible out of the portion so conveyed; and if the mortgagee releases such portion of the mortgaged property, after notice of the judgment creditors' liens upon the balance, the judgment creditors are entitled to priority over the mortgagee in and to the proceeds of the balance of the mortgaged property, to the extent of the value of the property released.

EXECUTION—SALE PENDING CONTEST—MORTGAGES — FORECLOSURE—RELIEF. Where judgment creditors of a mortgagor were made parties to the foreclosure of a mortgage before they had issued execution on their judgments, which appeared of record as secondary liens, and pending the foreclosure they issued execution and bid in the property at execution sale while the question of the priority of their liens was being vigorously contested in the foreclosure suit, so that the property could not sell for its fair value, they acquire no title by virtue of the execution sale and sheriff's deeds, although the equities entitle them to priority in the proceeds of the property; since their equities can be protected in the foreclosure suit.

[1]Reported in 109 Pac. 1072.

Cross-appeals from a judgment of the superior court for Pacific county, Rice, J., entered August 4, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Sol. Smith*, for appellants, to the point that the covenant against incumbrances in the Marion Cheek deed included the mortgage and rendered the balance of the land primarily liable for the mortgage debt, cited: Devlin, Deeds, § 848; 3 Pomeroy, Equity Jurisprudence (2d ed.), § 1224; Boone, Law of Real Property, §§ 304, 309, 313; Hopkins, Real Property, pp. 420, 421; *Carr v. Jones*, 29 Wash. 78, 69 Pac. 646; *Estabrook v. Smith*, 6 Gray (Mass.) 572, 66 Am. Dec. 445; *Maxwell v. Harper*, 51 Wash. 351, 98 Pac. 756.

*Chas. E. Miller* and *Welsh & Welsh*, for respondents.

CROW, J.—This foreclosure action, commenced by Frank E. Schaad against J. S. Doan, A. E. Robinson, D. L. Peters and Mrs. D. L. Peters, his wife, Carstens Packing Company, a corporation, and W. J. Wasson, has heretofore been in this court. *Schaad v. Robinson*, 50 Wash. 283, 97 Pac. 104. After the filing of the remittitur, plaintiff replied to the answers, and upon retrial, a decree was entered by which it was ordered that he recover judgment for $1,981.30 against the defendant Doan; that his mortgage be foreclosed on lot 1, block 11, Alta Vista addition; that the proceeds of the sale be first applied to the satisfaction of the attachment and judgment liens of the defendants A. E. Robinson and the Carstens Packing Company; that all proceedings had by A. E. Robinson and the Carstens Packing Company subsequent to the commencement of this action, relating to sales of the real estate, be set aside, canceled, and annulled, and that, after full payment of their judgments, the remainder of the proceeds of the real estate to be sold under the foreclosure decree herein be applied to the satisfaction of the plaintiff's

judgment against Doan. From this decree the plaintiff, Schaad, and the defendants Peters and wife have appealed. The defendants A. E. Robinson and the Carstens Packing Company have cross-appealed. There being two appeals, we will designate the parties as plaintiff and defendants.

The plaintiff, Schaad, and the defendants Peters and wife contend that the trial court erred in admitting certain letters in evidence. We find that all of them were properly admitted, except those written by D. L. Peters to attorneys in South Bend, which letters being privileged should have been excluded, and will be ignored on this appeal.

On a trial *de novo*, and after a careful consideration of the competent evidence, we find that on April 2, 1906, the defendant J. S. Doan, a single man, was the owner of lots 1, 2, 3, and 4, in block 2 of South Bend Land Company's first addition to South Bend, designated in the brief as "the Pioneer Building," and also lot 1, block 11, of Alta Vista addition to South Bend, designated in the briefs as the "Rainbow Cottage;" that on said date he executed and delivered to the defendant W. J. Wasson his note for $2,050, due in four months, together with his mortgage deed on both of the properties above described, to secure the same; that the Pioneer building was worth $5,000; that the Rainbow cottage was worth $1,300; that on June 20, 1906, the defendant J. S. Doan conveyed the Pioneer building to one Marion Cheek by warranty deed which expressed a consideration of $10, and "other valuable consideration"; that the true consideration was a lemon grove in California the value of which has not been shown; that the deed contained the following description and language:

"Lots numbered one (1), two (2), three (3), and four (4), in block numbered two (2) in the South Bend Land Company's First Addition to South Bend according to the plat thereof on record in the office of the auditor of said Pacific county, Washington, and commonly known as the Pioneer block.

"Clear of all incumbrances, except a mortgage of two thousand fifty dollars ($2,050).

"Together with the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining; and also all estate, right, title and interest, at law and equity therein or thereto, including.

"To have and to hold, the same to the said Marion Cheek, his heirs and assigns forever; and I do covenant with the said Marion Cheek and his legal representatives forever, that the said real estate is free from all incumbrances, and that I will and my heirs, executors and administrators shall warrant and defend the same to the said Marion Cheek, heirs and assigns forever, against the lawful claims and demands of all persons whomsoever:"

that the deed was recorded in Pacific county on July 10, 1906; that thereafter, on July 14 and July 15, 1906, respectively, the defendant A. E. Robinson, and the defendant Carstens Packing Company, creditors of J. S. Doan, commenced separate actions against him in the superior court of Pacific county, and attached the Rainbow cottage property, to which J. S. Doan then held the record title; that they obtained separate judgments which became liens on the Rainbow cottage; that thereafter W. J. Wasson commenced an action in the superior court of Pacific county against J. S. Doan, Marion Cheek, A. E. Robinson, and Carstens Packing Company, to foreclose his mortgage; that pending such foreclosure the defendant D. L. Peters, by mesne conveyances, acquired record title to the Rainbow cottage, and thereafter, as agent for Frank E. Schaad, commenced negotiations with W. J. Wasson for the purchase of the note and mortgage, which resulted in their assignment and transfer, on November 20, 1906, to Schaad, who, through his agent Peters, then had actual notice of the judgment and attachment liens of Robinson and Carstens Packing Company; that the Wasson foreclosure suit was abandoned and dismissed; that on November 28, 1906, Schaad, for an expressed consideration of $550, in writing, released the Pioneer building, then of the value of $5,000, from the mortgage lien; that on January 25, 1907,

he commenced this action to foreclose the mortgage upon the Rainbow cottage alone, at which time Robinson and Carstens Packing Company held their judgment liens only, no executions having been issued thereon; that thereafter and during the pendency of this action, they issued executions and orders of sale, under which they purchased the Rainbow cottage at sheriff's sale; and that upon expiration of the period of redemption, sheriff's deeds were executed and delivered to them.

The defendants Robinson and Carstens Packing Company, on the trial, contended, and now contend, that the voluntary release of the Pioneer block from the mortgage lien by the plaintiff, Frank E. Schaad, after he had actual notice of their judgment and attachment liens on the Rainbow cottage, was prejudicial to their rights; that having such notice he could not release the Pioneer building and impose the entire burden of the mortgage lien upon the Rainbow cottage, and that the Pioneer building being of sufficient value to fully satisfy the entire mortgage debt, they should now be permitted to look to the Rainbow cottage for the satisfaction of their liens. These contentions were sustained in our former opinion. *Schaad v. Robinson, supra.* The plaintiff, Schaad, and the defendants Peters and wife contend, that the first alienation of a portion of the property described in the mortgage was made to Marion Cheek when he purchased the Pioneer building; that the mention of the mortgage in the deed to him, inserted immediately after the description, was merely a recital of its existence; that it was not mentioned or excepted in the subsequent warranty clause; that in legal effect the deed warranted the title against the lawful claims of all persons whomsoever, which included the mortgage deed; that Cheek, having acquired title before the attachments of Robinson and Carstens Packing Company had been levied on the Rainbow cottage, would be entitled to have the mortgage lien first satisfied from the Rainbow cottage, and that the defendants have not been injured by the partial release.

These contentions bring us to a construction of the deed from Doan to Cheek. If it was made subject to the mortgage, and the mortgage was not covered by the warranty, then Cheek would occupy no better position than his grantor Doan, the original mortgagor. There is no evidence, outside of the recitals in the deed, to show what value Cheek paid as a consideration for the Pioneer building. The words: "Clear of all incumbrances, except a mortgage of $2,050," appear immediately after the description, and the warranty clause without any exception therein expressed, appears later on. All parts of the deed must be considered. The property therein described is by explicit statement conveyed subject to the mortgage. When a grantor expressly states in an instrument of conveyance that it is subject to a certain specific lien, and then covenants that the real estate conveyed is free from incumbrances, and that he will warrant and defend against all lawful claims and demands of all persons, the prior recital of the lien qualifies the subsequent covenants and prevents their application to such incumbrance. *Jackson v. Hoffman*, 9 Cowen 271; *Freeman v. Foster*, 55 Me. 508; *Brown v. South Boston Savings Bank*, 148 Mass. 300, 19 N. E. 382.

Mr. Jones, in § 855, vol. 1, of his work on The Law of Real Property in Conveyancing, states the rule in the following language:

"A general exception of a mortgage or other incumbrance from the operation of a deed qualifies all the covenants. Thus where, immediately following the description, the land was declared to be subject to a mortgage described, and it was contended that, the mortgage not being excepted from the covenant against incumbrances, there was a breach of the covenant, it was held that the covenant did not apply to that incumbrance, which by the terms of the deed was excepted. The words 'subject to a mortgage' were used as a part of the description of the estate granted, and to that estate, thus qualified, the covenants apply."

In *Brown v. South Boston Savings Bank, supra,* the supreme judicial court of Massachusetts said:

"The words, 'subject to a mortgage of $10,000 to the South Boston Savings Bank and another mortgage of $1,500; are not added to the description of the land in the granting part to identify it, but to qualify the estate granted, and to that description as thus qualified the warranty applies. It receives its full force when applied to the subject of the grant, and that must be held to have been an equity of redemption; otherwise, the qualifying words are treated as without force. When the words, 'the aforegranted premises,' or 'the same,' are found in the habendum clause or in the covenants, it is to an estate granted which is subject to certain mortgages that they relate."

It is evident from the terms of the deed accepted by Cheek that he only purchased the equity of redemption in the Pioneer building, subject to the mortgage, and that he thereafter stood in no better position than Doan, his grantor. He would not be entitled to any equities to which Doan would not be entitled, and every equity which the defendants Robinson and Carstens Packing Company might have enforced against Doan they could have likewise enforced against Cheek. To protect their liens Robinson and Carstens Packing Company were entitled to have the mortgage satisfied as far as possible from a prior sale of the Pioneer building, and when Schaad released it from the burden of the mortgage, having actual knowledge of their liens, they at once became entitled to a priority over him, in and to the proceeds of the sale of the Rainbow cottage, to the extent of the value of the property he had so released. That value exceeded their entire claims, and the trial court properly ordered their liens to be first satisfied out of the proceeds of the sale of Rainbow cottage in this foreclosure action.

By their cross-appeals the defendants Robinson and Carstens Packing Company claim that this action should be dismissed for the reasons, that the mortgage had been fully paid and discharged before its pretended assignment to

Schaad, and that they, Robinson and Carstens Packing Company, having sold the Rainbow cottage under their judgments and orders of sale and having obtained sheriff's deeds, are entitled to the property. Neither of these contentions can be sustained. The defendants Robinson and the Carstens Packing Company do not seem to be contending for any priority between themselves. The evidence does not sustain their allegation that the mortgage was paid. It shows that it was purchased by Peters as agent for Schaad, with the latter's money, and there is no evidence to the contrary. It was, therefore, a valid lien on the Rainbow cottage which Schaad was entitled to foreclose in this action.

At the time of the commencement of this action, the defendants Robinson and the Carstens Packing Company had judgment liens and orders of sale on which no executions had been issued. Although they have asserted equitable rights which, by reason of Schaad's wrongful acts, must be enforced in this action, and result in a prior application of the proceeds of the sale of the Rainbow cottage to the satisfaction of their judgments, the public records nevertheless disclose the fact that their liens were apparently secondary. In other words, the mortgage lien was originally prior to theirs. The plaintiff lost his priority as against them by releasing the Pioneer building after he had actual knowledge of their judgments. They were made parties to this action in which the plaintiff vigorously disputed their right to a prior application of the proceeds of the sale of the Rainbow cottage. During the pendency of this issue, they caused the execution sales to be made. All execution or judgment sales should be so conducted as to promote competition and secure the best price. It is apparent that no one except the defendants would bid at their sales, as it was not then known whether the mortgage would ultimately be adjudged the prior lien. For a total purchase price of $502, the defendants bought property which on the trial of this action they have shown was actually worth $1,300. The trial court properly an-

23—59 Wash.

nulled these sales, and directed a foreclosure and sale in this
action.

The judgment is in all respects affirmed. Neither party
will recover costs on this appeal.

RUDKIN, C. J., MOUNT, and DUNBAR, JJ., concur.