[No. 12012.   Department Two.   February 18, 1915.]

ELIZABETH L. COLBY *et al., Appellants,* v. FLORA KEENE
*et al., Respondents.*[1]

VENDOR AND PURCHASER—CONTRACTS—CONSTRUCTION—DEED IN ES-CROW—COVENANTS—EFFECT. An informal contract for the sale of land, calling for an abstract of title, showing title unincumbered, does not modify or control the construction of the subsequent formal contract of sale providing that a warranty deed therefor should be placed in escrow and that the grantee shall pay all assessments levied in the year 1910; and the vendee is not entitled to take advantage of the covenants of warranty of the deed in escrow before delivery and full performance of the contract terms as to payment of the purchase price, although compelled to pay assessments on the property levied in 1910, which constituted a lien prior to the contract of sale.

SAME—COVENANTS AGAINST INCUMBRANCES—TAXES AND ASSESS-MENTS—SPECIAL COVENANTS AS TO PAYMENT. Under a contract of sale providing that the real estate is free and clear of all incumbrances, but specially stipulating that the vendee shall pay all taxes and assessments for the year 1910, the vendee is liable for the assessments of that year, although a lien at the date of contract, under the rule that, where there is a general covenant in a deed or contract against incumbrances, and a special covenant not in harmony therewith, the special covenant will prevail.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 8, 1913, dismissing an action for specific performance, tried to the court. Affirmed.

*Merritt, Oswald & Merritt,* for appellants.

*George W. Sommer* and *E. Ben Johnson,* for respondents.

MAIN, J.—On March 31, 1910, the defendants, Flora Keene and J. L. Keene, sold to the plaintiffs lot 16, in block 13, in Pine Grove Terrace addition to Spokane, Washington. On this day $5 was paid as earnest money, and a receipt given therefor signed by Flora Keene, one of the defendants. This receipt, among other things, provided that the "Owner

[1]Reported in 146 Pac. 395.

to furnish abstract showing good title unincumbered." On April 4, 1910, a formal written contract was signed by the parties and duly acknowledged. The purchase price of the property was $950, $200 of which, including the $5 earnest money, was paid upon the execution of the contract; the balance of the purchase money was to be paid in monthly installments of $10 each. The contract of April 4 contained this provision:

"It is further stipulated, agreed and warranted, that said real estate shall be and is free and clear of all incumbrances and liens of every kind and character, and that the parties of the second part (plaintiffs) shall have the right to the immediate possession, use and occupancy thereof, and that said parties of the second part shall pay the taxes and assessments levied against said property for the year 1910, and all taxes and assessments which may be subsequently levied against said real estate."

The contract also contained a provision for a "good and sufficient deed of conveyance with full covenants of warranty," which should convey the property free and clear of all incumbrances. On April 4 there was also executed by the Keenes a general warranty deed conveying the property to the plaintiffs. Thereafter the formal contract of April 4, and the warranty deed, by agreement of the parties, were delivered to the Washington Trust Company to be held in escrow until the full amount of the purchase price should be paid; and in event of the failure of the plaintiffs to pay to the trust company the installments specified in the contract, the papers were to be returned to Flora Keene.

On May 1, 1913, the plaintiffs tendered to the Washington Trust Company the sum which they claimed to be the balance due upon the contract, and demanded the delivery of the deed held in escrow. This demand was not complied with. It appears that there was a lien against the property covered by the contract on account of special assessments. This lien was created during the month of January, 1910. The question arose between the parties as to who should

pay this local assessment. The present action was instituted for the purpose of determining that question.

The cause was tried to the court without a jury, and resulted in a judgment that the assessment lien should be paid by the purchasers. From this judgment, the plaintiffs appeal.

The appellants contend that the contract of April 4, when the provisions from it above quoted or referred to are read in the light of the previous earnest money receipt, and the warranty deed delivered in escrow, shows that it was the intention of the parties that the local assessment should be paid by the vendors. The respondents claim that the contract of April 4 requires the purchasers to pay the assessment in question, and that this contract is not modified, either by the previous earnest money receipt, or by the delivery of the warranty deed in escrow. The provision in the earnest money receipt called for an abstract showing title unincumbered. This receipt was executed only by Mrs. Keene. It seems reasonably plain that the general terms in this informal document would not modify the subsequent formal contract executed by the parties. The warranty deed had never been delivered to the purchasers, but had only been delivered to the Washington Trust Company in escrow to be subsequently delivered to the purchasers upon the performance of certain conditions. It follows, therefore, that the terms of this deed were not available to the plaintiffs, whatever their rights would have been thereunder had it been delivered to them.

Coming to the contract of April 4, it appears that in that contract there were general provisions calling for the execution of a warranty deed conveying the property free and clear of all incumbrances, and that the property was free and clear of such incumbrances; and also a special provision that the purchasers shall pay the taxes and assessments levied against the property for the year 1910. It is conceded by the appellants that, if there were no other provision in the contract with reference to the incumbrances other than the

special one relative to the taxes and assessments for the year 1910, the ruling of the trial court would be correct. But it is contended that this special provision is overcome by the other provisions of the contract. The rule appears to be that, where there is a general covenant in a deed or contract against incumbrances, and a special covenant or term which is not in harmony with the general provision, the special covenant will prevail. In *Geer v. Redman*, 92 Mo. 375, the defendant, by warranty deed with general covenants against incumbrances, conveyed property to the plaintiff. To secure a part of the purchase money, the plaintiff executed and delivered a deed of trust which in express terms covenanted to pay all taxes then existing against the land. The question arose as to which of the parties should pay the taxes upon the property acquired by the plaintiff which existed against the land at the time the conveyances were made. It was there held that the special covenant in the trust deed would prevail. It was said:

"The deed sued upon and the deed of trust were made upon the same day, delivered at the same time, conveyed the same land, and were different parts of one and the same transaction, and may be taken and read together. The general covenant in the deed was qualified by the special covenant in the deed of trust, and the two instruments show that plaintiff was to pay the taxes for which he sues."

In *Schaad v. Robinson*, 59 Wash. 346, 109 Pac. 1072, the court construed the terms and covenants of a deed where, immediately after the description, a clause was inserted: "Clear of all incumbrances, except a mortgage of two thousand fifty ($2,050) dollars." In the habendum clause of the deed there were general covenants "that the said real estate is free from all incumbrances." It was held that the language following the description which excepted the mortgage would qualify the general covenant against incumbrances. It was said:

"All parts of the deed must be considered. The property therein described is by explicit statement conveyed subject

to the mortgage.   When a grantor expressly states in an instrument of conveyance that it is subject to a certain specific lien, and then covenants that the real estate conveyed is free from incumbrances, and that he will warrant and defend against all lawful claims and demands of all persons, the prior recital of the lien qualifies the subsequent covenants and prevents their application to such incumbrance."

The judgment will be affirmed.

CROW, FULLERTON, MOUNT, and ELLIS, JJ., concur.